450 So.2d 770 (1984)
Rose Castjohn ACOSTA, et al.
v.
HEPPLEWHITE HOME, INC., et al.
No. 83-CA-774.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Joseph S. Russo, Jefferson, for plaintiff-appellant.
Gerald R. Alonzo, Gretna, for defendant-appellee.
BOUTALL, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal of a judgment of the District Court in favor of the defendants, Hepplewhite Homes, Inc., Albert J. Ward, Jr., Cheryl Grabert Cordes, and Anthony Joseph Cordes against the plaintiffs, Rose Castjohn Acosta and Bernard R. Acosta, dismissing plaintiffs' suit for want of prosecution.
The actions taken in this lawsuit, as they appear in the record up to judgment on the Motion and Order of Dismissal For Want of Prosecution were as follows:
a.) May 11, 1977, plaintiffs filed their Petition For Redhibition and Damages and written interrogatories.

*771 b.) May 25, 1977, defendants filed a Motion For Extension of Time.

c.) July 26, 1977, defendant, Albert J. Ward, Jr. filed his Answer to plaintiffs' interrogatories and a Motion for Summary Judgment.

d.) August 31, 1977, defendant Hepplewhite Homes, Inc. filed its answers to plaintiffs' interrogatories and answer to plaintiffs' petition.
e.) September 6, 1977, judgment granting the Motion for Summary Judgment filed on behalf of the defendant, Albert J. Ward, Jr. and dismissing the plaintiffs' demand against him.
f.) September 9, 1982, plaintiffs filed a Motion and Affidavits to proceed in Forma Pauperisdenied by the trial court.
g.) September 16, 1982, plaintiffs filed a motion to fix the Motion for Summary Judgment filed on behalf of the defendant, Albert J. Ward, Jr. for trial.
h.) November 2, 1982, plaintiffs filed a Motion To Set For Trial On the Merits.

i.) January 24, 1983, plaintiffs filed a Notice of Deposition to be taken of Robert Anderson and Albert J. Ward, Jr.
j.) February 3, 1983, counsel for defendant, Hepplewhite Homes, Inc. filed a Motion to Substitute Counsel of Record and a Motion to Continue Trial on the Merits.
k.) March 10, 1983, defendant, Hepplewhite Homes, Inc. filed a Motion and Order of Dismissal For Want of Prosecution; motion was signed and granted dismissing plaintiffs' lawsuit at their cost.
l.) March 18, 1983, plaintiffs filed a Motion to Set Dismissal for Abandonment Aside with supporting memorandum.
m.) April 22, 1983, defendant, Hepplewhite Homes Inc. filed Memorandum In Opposition Of Motion To Set Dismissal For Abandonment Aside.
n.) June 15, 1983, judgment by the district judge denying the Motion to Set Dismissal For Abandonment Aside.
Plaintiffs appeal from this judgment of the District Court, dismissing their lawsuit on the grounds of abandonment. Accordingly, the plaintiffs contend that the district court committed manifest error and error of law in holding that plaintiffs did not take "definitive and formal action to prosecute their lawsuit for more than five years."
The plaintiffs assert that on July 15, 1982, a motion to fix the case for trial was filed and is noted by a letter marked Plaintiffs' Exhibit P-1. Furthermore, the plaintiff argues that a Motion to Proceed in Forma Pauperis was originally mailed in on August 18, 1982; however, the Clerk of Court for the Parish of Jefferson returned it with a notation that a specific form should be used instead and all pleadings were returned unfiled by the Clerk. In accordance with the Clerk of Court's instruction, plaintiffs assert that the new form was mailed back to the Clerk on September 3, 1982.
The plaintiffs contend that the court should have received the documents on September 6, 1982, but September 6th was Labor Day, so the Clerk's office should have definitely received them on September 7, 1983. All of these documents were placed into the trial record in globo and marked for identification as Plaintiffs' Exhibit P-I.
The District Court denied the forma pauperis request on September 9, 1982. An employee of the Clerk of Court, Rosalinda Toups, testified that the handwriting on the cover letter from Joseph S. Russo, attorney of record for the plaintiffs dated August 18, 1982, "Please use our form", was her handwriting. She testified to returning the letter, the motion for forma pauperis, and supporting affidavits back to Mr. Russo's office. The stamp on the second motion for forma pauperis does not indicate when it was received by the Clerk's Office.
The plaintiffs contend that the documents could have been received by the *772 Clerk of Court several days before it was given to the trial judge, however, no proof was produced.
Louisiana's Code of Civil Procedure, Article 561 reads in pertinent part as follows:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment ...."
We follow and hold that a step in the prosecution or defense of an action within the meaning of the above cited article is a formal action before the trial court intended to hasten judgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). Plaintiffs maintain their action in causing the mailing, although on the incorrect form, to the Clerk of Court's office of a motion to proceed in forma pauperis on August 18, 1982, as a step in prosecution which prevents application of the abandonment statute herein. This contention has merit. We conclude that a motion to proceed in forma pauperis constitutes a "step" in the prosecution of the plaintiffs' action, such as would preclude the application of abandonment under LSA-C.C.P. Art. 561. However, should the documents be "filed" in the clerk's office so as to interrupt the liberative prescriptive period?
In Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir.1976) the court stated:
"`The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period had clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of the technically defective motion in this case was a step toward moving the suit to judgment and militated against any intention to abandon the action.'"
Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered.
In support of this position, in Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2nd Cir.1973) the court held that an oral motion in open court to set a case for trial is a step in the prosecution which will preclude a dismissal for abandonment and reversed the trial court's determination that the action had been abandoned.
Having concluded that a Motion to Proceed in Forma Pauperis is a "step" in the prosecution of an action, the issue for resolution is whether the Clerk of Court's failure to endorse it filed in the suit record shall preclude it from being construed as a "step".
LSA-C.C.P., Art. 253 provides:
"`All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law."
We conclude that the depositing of the motion in question with the clerk or one of the deputy clerks and its return to sender is conclusive of filing whenever sufficient extrinsic evidence can be introduced to establish that the clerk's office did receive the subject pleading. If it were otherwise, the Clerk of Court could defeat the rights of a litigate by not docketing or marking a pleading "filed" for several days after he had received same. Cupples v. Walden, 124 So.2d 613 (La.App. 3rd Cir. 1960).
*773 Marking the document or pleading "filed" and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing. Lambert v. Kelley, 270 So.2d 532 (La.1972).
It is our conclusion that there is proof of the mailing in and of receipt by the Clerk of Court of the first motion to proceed in forma pauperis during the month of August 1982. This interrupted the running of the prescription of Article 561 and thus, the plaintiff's suit should not be considered abandoned.
Accordingly, for the above reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.