493 So.2d 1227 (1986)
Booker T. WASHINGTON, III, Plaintiff-Appellant,
v.
Loretta Allen WASHINGTON, Defendant-Appellee.
No. 17,939-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
Williams & Williams, Tallulah by Moses Junior Williams, for Booker T. Washington.
*1228 North La. Legal Assistance Corp., Monroe by Saluria L. Gumms, for defendants in Rule Thomas Chandler, et al.
Leo A. Miller, Jr., Lake Providence, for Loretta A. Washington.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
The appellant-defendant, Booker T. Washington, III, complains on appeal of adverse rulings on his dilatory and peremptory exceptions by the trial court and seeks to reverse a judicial partition of the community. The plaintiff-appellee is Loretta Allen Washington, former wife of appellant.
We affirm the trial court's denial of the exceptions and amend the partition.

FACTS
On November 8, 1984, the defendant filed a petition for divorce against the defendant. On the same day a judgment of divorce was rendered awarding to the parties joint custody of their four minor children in accordance with a voluntary plan directing that Loretta Allen Washington was to be the custodial parent from September to May of each year. The judgment contained no reference to the ownership of the community property accumulated during the marriage.
On July 16, 1985, the plaintiff instituted this proceeding in one pleading seeking by verified motion possession of the former community home and furniture and by petition for partition a judicial partition of the community. In the petition for partition and motion she prayed for the following: (1) partition in accordance with LSA-R.S. 9:2801[1] and an order directing the filing of detailed descriptive lists, be set for some future date; (2) the immediate possession of the family home and household goods in accordance with LSA-R.S. 9:307, 308;[2] (3) *1229 a five day notice to vacate directed to tenants occupying the family residence and; (4) the appointment of an attorney at law to represent the defendant as he was either a nonresident or absentee and as the court had jurisdiction over the status or community property in question. By order rendered and signed July 11, 1985, and filed with the suit, the court directed the tenants occupying the family residence be given a five day notice to vacate and show cause on July 19, 1985, why they should not be required to leave the residence. The court order also directed that an attorney at law be appointed to represent Booker T. Washington, III and the defendant show cause on July 19, 1985, why the plaintiff should not be awarded possession of the family residence and household goods pending a judicial partition. There was also an order pursuant to the partition provisions of LSA-R.S. 9:2801(1) directing plaintiff to file her descriptive list by August 1, 1985, and directing the defendant to file a detailed descriptive list no later than August 30, 1985.
The hearing date on the show cause rules was continued to August 8, 1985, at which time the appointed attorney was present on the defendant's behalf. As a result of this hearing, the court ordered that the rule be made absolute and the plaintiff be recognized as entitled to the immediate possession of the family home and household goods pending a judicial partition.
By motion and order, signed by the court on August 16, 1985, the tenants were directed to show cause on September 6, 1985, why they should not vacate the family residence. The order also directed the judicial partition be set for a trial on the merits on September 6, 1985 and pursuant to the partition provision of LSA-R.S. 9:2801(2) that any traverses to any detailed descriptive lists be filed by either party no later than September 3, 1985. The defendant received personal service of this order on August 22, 1985.
On September 6, 1985, the defendant's present counsel was enrolled as the attorney of record for defendant and filed exceptions of improper cumulation of actions, unauthorized use of summary proceedings, insufficiency of service of process and nonjoinder of a necessary party. All motions were denied and the trial was had on the judicial partition prior to the rule on the eviction. The court denied the defendant's exception of no cause of action/no right of action offered at the conclusion of the trial. At the conclusion of the rule on the eviction the court set aside all prior rulings on the exceptions and referred them to the merits. The court ordered briefs submitted on both matters no later than September 18, 1985, and deferred judgment until September 23, 1985.
On September 23, 1985, the court ruled that all prior exceptions were denied, partitioned the community property in kind and maintained the prior eviction of the tenants.
The defendant has appealed. The plaintiff has neither appealed nor answered the appeal. The defendant's assignment of errors present the following issues for decision:
(1) Did the trial court err in overruling the defendant's exceptions?
(2) Did the trial court err in not partitioning the community property by licitation?
We affirm the trial court's rulings on the exceptions and amend the judgment to include the partition of several community debts proven at trial and not considered by the trial judge.

ISSUE NO. 1Should the trial court have maintained the defendant's exceptions?
The defendant argues that the trial court was clearly wrong in overruling his exceptions of insufficiency of service of process, nonjoinder of necessary party, improper cumulation of actions, unauthorized use of *1230 summary procedures and no cause of action/no right of action.
insufficiency of service of process

LAW ON SERVICE OF PROCESS UPON AN ATTORNEY APPOINTED BY THE COURT TO REPRESENT AN ABSENTEE OR NONRESIDENT DEFENDANT
" "Absentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; ..." LSA-C.C.P. art. 5251(1). "The court shall appoint an attorney at law to represent the defendant, on the ... exparte written motion of the plaintiff, when: (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process,... and who has made no general apperance." LSA-C.C.P. art. 5091. An attorney appointed by the court may accept service of process and it is his duty to notify an absentee defendant of the pendency of the action. LSA-C.C.P. arts. 5093, 5094, 5098.[3]

Was the defendant properly served with process?
The defendant does not contest his status as an absentee or nonresident nor the applicability of LSA-C.C.P. arts. 5091 et seq. He does not assert that his counsel of record in the divorce suit should have been served. He argues the tenants were never notified of the August 8, 1985, hearing and he was sent a letter by the attorney ad hoc dated August 5, 1985, containing no mention of the hearing and addressed to a person the counsel believed to be a relative. The defendant concludes by asserting only that proper service was not accomplished as he never had prior personal knowledge of the date of the hearing.
The record reveals that the tenants did not appeal. The record also establishes that the attorney was appointed on July 16, 1985, and accepted service of process on behalf of the defendant on July 17, 1985. The hearing was continued to August 8, 1985, at which time the appointed counsel was present.
We conclude that the trial court was correct in denying this exception. In regard to the legal rights of the tenants, we have no jurisdiction to consider the merits of any argument on their behalf. American Ins. Co. v. Holland, 401 So.2d 421 (La.App. 1st Cir.1981). The appellant/absentee or nonresident defendant received timely service of process through the attorney who had accepted the appointment and the appellant was constructively before the court to respond to the rule. Collins v. Collins, 356 So.2d 455 (La.App. 1st Cir. 1977). Any lack of personal knowledge on the part of the defendant under the facts of this case does not affect the validity and proceeding. LSA-C.C.P. arts. 5094, 5098.
nonjoinder of necessary parties
The record establishes the defendant was named as a party defendant in the *1231 plaintiff's motion for a rule to show cause why she should not be put in possession of the family home and household goods pending a judicial partition. He was personally served with the August 16, 1985 rule directed to the eviction of the tenants and this rule was tried by defendant's attorney of record on September 6, 1985.
We determine that the trial court was correct in overruling this exception as the defendant was in effect made a party to the proceedings wherein his former wife acquired possession of the property from his former tenants.
improper cumulations of actions, unauthorized use of summary proceeding and no cause of action/no right of action[4]

LAW ON THE PARTITION OF COMMUNITY PROPERTY SUBSEQUENT TO TERMINATION OF THE MATRIMONIAL REGIME
Partition of immovable property may be made either nonjudicially or judicially. LSA-C.C.P. art. 4601. Partition must be judicial when all the interested parties cannot agree upon a nonjudicial partition. LSA-C.C.P. art. 4602(2). Except as othewise provided by law, a partition proceeding is subject to the rules regulating ordinary proceedings. LSA-C.C.P. art. 4603. The provisions of LSA-R.S. 9:2801 (see Footnote # 1) provides in detail the procedure for judicial partition of community property. Hall v. Hall, 460 So.2d 1053 (La.App. 2d Cir.1984).
"Summary proceedings may be used for trial or disposition of the following matters only: (1) An incidental question arising in the course of litigation; ... (3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause; ... (10) All other matters in which the law permits summary proceedings to be used." LSA-C.C.P. art. 2592. "When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules: (1) ... upon motion of either party, the court shall set a time limit for the filing of each detailed descriptive list.... (2) ... The trial of the traverses may be by summary procedure.... The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses." LSA-R.S. 9:2801.

improper cumulation of action, unauthorized use of summary proceeding
The defendant argues it was improper to combine a petition for partition of community property with the plaintiff's motions as issues were raised which should have been determined in an ordinary proceeding.
The record establishes the plaintiff included in her verified motion and petition for partition a prayer that the trial court order the partition of the community and the setting of a time to file detailed descriptive lists, all in accordance with LSA-R.S. 9:2801.[5] The record also reveals that the trial court ordered the defendant on July 16, 1985, to file his detailed descriptive list by August 30, 1985, and ordered him on August 16, 1985, to traverse the detailed descriptive list by September 3, 1985, and ordered the pending partition suit be tried on the merits on September 6, 1985.
We conclude these two exceptions were properly overruled. It is clear the statute *1232 contemplates that the partition process for community property be initiated by petition and, if desired, supplemented by summary proceedings for trial of the traverses of the detailed descriptive list. The plaintiff satisfied the petition for ordinary proceedings requirement by her specific and direct reference to a partition pursuant to LSA-R.S. 9:2801 which requires the partition to be by ordinary proceeding. It is of no moment the petition for partition was included in the proceeding with plaintiff's motion for possession of the family home and household goods. The provisions of LSA-C.C.P. art. 462(2) permits cumulation when "all actions cumulated are mutually consistent and employ the same form of procedure." The action for possession by the plaintiff pending partition was not inconsistent with the action for partition. The summary procedure used for possession is the same form of procedure that can be used to try the traverses in LSA-R.S. 9:2801 and to this extent the same procedure can be used in both actions. Under these circumstances we find the cumulations within the contemplation of LSA-C.C.P. art. 462(2). As the trial court did establish the valuations and complete the partition of the community property in an ordinary proceeding, it was not error to allow the initiation of the partition to take place in the plaintiff's combined pleading of petition for partition and verified motion for possession and to address the filing and traversing of the detailed descriptive lists by a rule to show cause. Prior to trial the defendant had been served the order directing him to file his traverses, which is the manner contemplated by LSA-R.S. 9:2801 to establish the issues for trial. The defendant failed to file his list or traverse the list filed by plaintiff. The judicial partition occurred following personal service of citation upon the defendant and a full trial wherein the defendant was represented by an attorney of his choice.
no cause of action/no right of action

LAW ON PEREMPTORY EXCEPTION OF NO CAUSE/NO RIGHT OF ACTION
The law does not recognize the singular peremptory exception of "no cause of action/no right of action." They are distinct and separate exceptions, each serving a particular purpose and each following particular procedural rules.
The exception of no cause of action tests the sufficiency in law of the plaintiff's petition. It raises the issue of whether the law grants a remedy to anyone for the particular harm alleged. All of the pleadings of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception. Any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action.
The exception of no right of action raises the issue of whether the plaintiff belongs to the particular class for which the law grants a remedy, assuming the law grants a cause of action to a particular class of individuals. Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir. 1982).

Did the plaintiff state a cause of action and a right of action?
The defendant argues the plaintiff's petition does not state a cause of action nor a right of action as the possession of the family home and household goods, as well as the request for a partition of the community property, are issues which were not raised as part of the divorce. He also asserts that her motion is an attempt to reopen final divorce proceedings and raise new issues. The defendant does not challenge the validity of the petition for partition or the status of the family home as a community asset.
We decide the trial court was correct in overruling these exceptions. The defendant cites no express statutory authority for the proposition that a request for the possession of the family home and household items and a request for a partition of community property must be included in the petition for separation or divorce. It is evident that LSA-R.S. 9:307, 308 and 2801 provide that these issues may be raised by *1233 petition after a petition for separation or divorce has been filed. In addition, there is no requirement that the resolution of these matters be concluded prior to the termination of the matrimonial regime.
Plaintiff's petition has stated a cause of action and a right of action for implementation of LSA-R.S. 9:307, 308 and 2801. There is no requirement that a demand for these legal remedies must have first been made in the divorce petition. See Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir. 1982).
ISSUE NO. 2Did the trial court err in partitioning the community property in kind?

LAW ON THE JUDICIAL PARTITION OF COMMUNITY PROPERTY AFTER THE TERMINATION OF THE MATRIMONIAL REGIME
In the judicial partition of community property, following the termination of the matrimonial regime, the court shall divide the community assets and liabilities so that each spouse receives property of an equal net value. LSA-R.S. 9:2801(4)(b).[6] "In the event that the allocation of assets and liabilities results in a unequal net distribution, the court shall order the payment of an equalizing sum of money ..." LSA-R.S. 9:2801(4)(c).[7] Partition by licitation is disfavored as a method of partitioning the community and, under the system of established priorities, it should be the method of last resort. Cheramie v. Bone, 444 So.2d 200 (La.App. 1st Cir.1983).

Did the trial court properly partition the community?
The defendant does not challenge the composition of, or values assigned to, the community estate, but argues that the court's partition in kind of the community property did justice to neither party. In essence he asserts that allocating to the plaintiff the family home with a negative value of over $11,000.00, and allocating to the defendant nearly $14,000.00 of debts, places both parties on the brink of bankruptcy with little ability to meet new financial obligations. The defendant concludes by requesting that this court reverse the judgment and order that the community be partitioned by licitation.
The record reveals that the plaintiff filed a detailed descriptive list on August 12, *1234 1985, setting forth her inventory and valuations of the community.[8] The trial court rendered judgment partitioning the community in kind in accordance with the following allocation:

I. ASSETS:
 Plaintiff Defendant
 family home.............$30,000 (1) automobile ............$9,000
 household goods......... 2,000 (1) 1965 truck ............ 1,000
 _____
 (1) automobile.............. 1,500
 _______
 Total Value............$33,500 Total Value .........$10,000
II. LIABILITIES:
 Plaintiff Defendant
 FHA mortgage $41,285.15 Bank of Dixie $1,540.54
 ___________ Great American
 Finance 170.00
TOTAL INDEBTEDNESS...........$41,285.15 Ford Motor Credit 8,000.00
 ___________ _________
 TOTAL INDEBTEDNESS..................... $9,710.54
 ----------
 III. CASH EQUALIZING PAYMENT:
 Plaintiff Defendant
 none $4,037.30
 ---------

The record establishes the following community debts were not listed in plaintiff's detailed descriptive list nor were they included in the judgment of partition.
(a) Money judgment in favor of Friendly Finance Corporation in the amount of $1,538.55, filed April 6, 1984;
(b) Money judgment in favor of Montgomery Ward & Co. in the amount of $814.10, filed April 26, 1984.
(c) Money judgment in favor of Sears, Roebuck & Co. in the amount of $1,115.00, filed July 26, 1984.
The current balance of the money judgment in favor of Friendly Finance Corporation is unknown as the plaintiff testified that $134.00 of her monthly employment wages had been garnished during the past eight or nine months and applied to this judgment. The record also establishes that neither party asserts any claims for reimbursement against the community estate.
The court did not give written reasons for the judgment, but it is clear that it accepted the estimates given in the plaintiff's detailed description list as the proper valuation of the community assets and liabilities. Even though the defendant neither filed his own descriptive list or traversed the plaintiff's list, we conclude that the part of the judgment partitioning the community must be amended to incorporate these three unlisted community obligations and, subject to this amendment, the court was within its discretion in accepting the plaintiff's document as listing the proper assets, liabilities and valuations to assign to the community partition. Mathews v. Mathews, 457 So.2d 746 (La.App. 2d Cir. 1984).
The trial court was also within its discretion in choosing to allocate the family home and household goods to the plaintiff, as custodial parent of the children. The *1235 court's action of equalizing the division of the assets and assumption of liabilities by ordering the payment of an equalizing sum was within the contemplation of LSA-R.S. 9:2801. Gilley v. Ketchens, 478 So.2d 638 (La.App. 2d Cir.1985). There was no error in the denial of the partition by licitation. The trial court was correct in its method of calculating the equalizing sum as it is wholly within the intent of LSA-R.S. 9:2801 to equalize the relative positions of the parties by reference to the individual's net loss or gain on the property received and debts assigned. The $4,037.30 equalizing sum the defendant was indebted to pay represents half of the difference between the plaintiff's net loss of $7,785.15, considering the property received by her and the debts assigned by her, and the defendant's net value received of $289.46. However, this equalizing figure must be amended to reflect the three money judgments of record that were not incorporated in the partition process.
After a careful review of the record we choose to allocate the Friendly Finance Corporation judgment to the plaintiff, as she is paying this judgment by garnishment of her wages, and the remaining judgments to the defendant. Such a division of these community liabilities results in the determination of a new equalizing figure computed, as follows, in accordance with the trial court's method of calculation:

Plaintiff Plaintiffs Loss
 Assets (family home, household goods
 & 1978 Pontiac) $33,500.00
 Liabilities (mortgage on house) 41,285.15
 (Friendly Finance-
 Money judgment) 1,538.55
 ----------------------------------------------------
 Net Difference Between Assets -$9,323.70
 __________
 And Liabilities
 Defendant Defendant's Loss
 --------- ________________
 Assets (1984 Ford & 1968 truck) $10,000.00
 -Liabilities (Bank of Dixie) 1,540.54
 (Great Am. Finance) 170.00
 (Ford Motor Credit) 8,000.00
 (Montgomery Ward judgment) 814.10
 (Sears, Roebuck judgment) 1,115.00
 ----------------------------------------------------
 Net Difference Between Assets..................... -$1,639.64
 __________
 And Liabilities
 Total Difference Between Plaintiffs ............. $ 7,684.06
 __________
 Net Loss And Defendant's Net Loss
 Equalizing Sum Due by Defendant................... $ 3,842.00
 __________
 To Plaintiff (half of difference)

As the allocation of the assets and liabilities and the implementation of the equalizing sum results in an equitable division of the community estate within the contemplation of LSA-R.S. 9:2801, there is no authority for reversing the trial court's judgment and ordering a partition by licitation. Cheramie v. Bone, supra.

CONCLUSION
The trial court's rulings on the defendant's exceptions are AFFIRMED.
The judgment, as it pertains to the partition of the liabilities and payment of the equalizing figure commencing on the center of the next to last page, is recast to read as follows:
"... and there shall be further allocated to each party the indebtednesses as set forth hereinbelow, and each party shall take up, assume, and be obligated to pay in discharge in full satisfaction, and in accordance with the terms thereof, the following, to-wit:

 A) Loretta Allen Washington
 1. Farmers Home
 Administration mortgage in
 the original principal sum of
 $42,440.00 per mortgage
 recorded in Mortgage Book
 133, page 100 of the official
 public records of East Carroll
 Parish, Louisiana. $41,285.15
 2. Friendly Finance money
 judgment $ 1,538.55
 __________
 TOTAL INDEBTEDNESS........... $42,823.70
 B) Booker T. Washington, III
 1. Bank of Dixie $ 1,540.54
 2. Great American Finance $ 170.00
 3. Ford Motor Credit Corp. $ 8,000.00
 4. Montgomery Ward
 judgment $ 814.10
 5. Sears, Roebuck judgment $ 1,115.00
 __________
 TOTAL INDEBTEDNESS............ $11,639.64

(with regards to the indebtedness to the Bank of Dixie, due to the security position of said bank, namely a chattel mortgage on the automobile allocated to Loretta Allen Washington, and a wage assignment of her *1236 wages from the East Carroll Parish School Board, such indebtedness shall, if not paid by Booker T. Washington, III, necessarily be paid by her, and, in such event, she shall be entitled to repayment of the full amount of any payments made by her upon such indebtedness, together with legal interest from date of any such payment until repaid TO HER by said Booker T. Washington, III.)
And, in order to equalize the net distribution of assets herein, the said Booker T. Washington, III be, and he is hereby ordered to pay over to the said Loretta Allen Washington the sum and amount of THREE THOUSAND EIGHT HUNDRED FORTY-TWO AND No/100 ($3,842.00) DOLLARS, cash, due and payable immediately upon this judgment becoming a final judgment, such sum to bear interest at the rate of twelve (12%) percent per annum from date of judgment, until paid, such cash amount to be unsecured, PROVIDED: should the said Booker T. Washington, III not pay such sum upon this judgment becoming final, then, and in that event, there is further reserved into the Loretta Allen Washington the right to then apply to this Court for further relief in the form of an amendment of the allocation of properties as set forth hereinabove or for the execution of mortgages, notes or other documents as this Court may deed necessary, all in order to secure payment of such amount, in whole or in part...."
The judgment, as AMENDED, is AFFIRMED at defendant's cost.
NOTES
[1] § 2801. Partition of community property and settlement of claims arising from matrimonial regimes

When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1) Each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required. Upon motion of either party, the court shall set a time limit for the filing of each detailed descriptive list.
(2) Each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. Upon motion of either party, the court shall fix a time limit within which each party shall either traverse or concur. `At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.... [emphasis added]
[2] § 307. Removal of personal property

A. Following the filing of a petition for separation or divorce, either spouse may petition for, and a court may grant, an order or injunction, without bond, requiring the sheriff or a local police department representative to accompany the petitioning spouse to the marital domicile or other location determined by the court so that personal property specified in the order or injunction may be obtained by the petitioning spouse.
B. Personal property which may be obtained by a court order or injunction issued under the provisions of this Section includes, but is not limited to, the following:
(1) Items of personal wearing apparel belonging to the petitioning spouse or belonging to any children in the custody of the petitioning spouse.
(2) Food and eating utensils necessary for the nourishment of the petitioning spouse and any children in the custody of the petitioning spouse.
(3) Any other item or items deemed necessary by the court for the safety and well-being of the petitioning spouse and any children in the custody of the petitioning spouse.
§ 308. Possession and use of the family residence or community movables or Immovables
A. After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court.... [emphasis added]
[3] Art. 5093. Oath not required; waiver of citation and acceptance of service

. . . . .
An attorney appointed to represent a defendant may ... accept service of process... [emphasis added]
Art. 5094. Duties; notice to nonresident or absentee
When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise. [emphasis added]
Art. 5098. Validity of proceeding not affected by failure of attorney to perform duties; punishment of attorney
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
For a willful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law. [emphasis added]
[4] LSA-C.C.P. art. 926. Objections raised by dilatory exception; waiver

The objections which may be raised through the dilatory exception include, ...
(3) Unauthorized use of summary proceeding;...
(7) Improper cumulation of actions, ...
LSA-C.C.P. art. 927. Objections raised by peremptory exception
The objections which may be raised through the peremptory exception include, ...
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
. . . . .
[5] Quote from prayer: "That a partition of the community property arising from the matrimonial regime of petitioner and defendant be ordered in accordance with LA.R.S. 9:2801."
[6] LSA-R.S. 9:2801 provides in part:

(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirely to one of the spouses. The court shall consider the nature and source of the asset spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, th execution of realtor listing agreements and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale. [emphasis added]
[7] Id.
[8] The plaintiff's detailed descriptive list provided as follows:

ASSETS:
1. House and Lot in Sondheimer, LA $30,000.00
2. Home furnishings, miscellaneous lot 2,000.00
3. 1978 Grand Prix Automobile 1,500.00
4. 1984 Crown Victoria Automobile 9,000.00
5. 1965 Truck 1,000.00
 __________
TOTAL $43,500.00
DEBTS:
1. Farmers Home Administration (estimated) $42,000.00
2. Bank of Dixie (estimated) 1,100.00
3. Great American Finance 170.00
4. Ford Motor Credit (estimate) 8,000.00
 ----------
TOTAL $51,270.00