ARMSTRONG, Judge.
Plaintiff, George Kambur appeals the trial court’s judgment dismissing June Kam-bur’s petition for divorce. We reverse, finding that there was no clear intent by either party to abandon the divorce proceedings.
Case Number 77-12917 originally began with a Petition for Separation which was filed by George Kambur on August 19, 1977. On April 21, 1981, a Petition for Divorce was filed by his wife in the same numbered proceedings. The chronology of the pleadings and judgments, which includes pleadings and judgments on all causes of action in this numbered case, does reveal lapses in activity; especially after December 25, 1985, when a judgment of partial settlement of community was rendered. June Kambur filed her Motion to Dismiss on grounds of abandonment on April 25, 1990. The previous September Mr. Kambur had filed a motion to set for trial on the merits. The trial court granted Mrs. Kambur’s motion and Mr. Kambur appeals.
Under La.C.C.P. article 561 an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. The term “steps in its prosecution” has been construed as requiring some formal action before the court intended to hasten the suit to judgment. DeClouet v. Kansas City Southern Ry. Co., 176 So.2d 471 (La.App. 3d Cir.), writ denied 248 La. 383, 178 *1214 So.2d 662 (La.1965); Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984). Any formal step taken by any person capable of so doing, would be sufficient to negate the inference that an action has been abandoned, and hence, to preclude dismissal for failure to take any step in the prosecution for five years. American Eagle, Inc. v. Employers’ Liability Assurance Corp., Ltd., 389 So.2d 1339 (La.App. 1st Cir.1980), writ denied 396 So.2d 885, 886 (La.1981).
Mr. Kambur argues that a period of five years without either party proceeding has never elapsed. In the instant case the trial court’s December 27,1985 judgment of partial settlement of the community was followed by Mr. Kambur’s motion to set for trial on the merits in September of 1989, whereby he was clearly taking a step toward prosecution.
Mrs. Kambur argues that the filing of the joint Petition for Partial Settlement of Community Property was an action completely separate from the separation/divorce actions and, therefore, has absolutely no bearing on the abandonment of the separation/divorce action. June Kambur argues that as to the Petition for Separation and/or Divorce, neither party had taken any step in the prosecution or the defense since February 7, 1983.
She points out that this court has before it three different actions: divorce, separation and partition, all of which have been brought under the same numbered proceeding to comport with convenience and Local Rule 8 section 9 of Civil District Court. Such a cumulation is proper and courts are obliged to recognize and distinguish the different actions. La.C.C.P. article 462. Washington v. Washington, 493 So.2d 1227, 1232 (La.App. 2d Cir.1986). A partition action is unique from divorce and separation, because according to La.R.S. 9:2801, it must be brought by a separate petition. La.R.S. 9:2802 states that a petition for partition is an action separate and distinct from any separation/divorce action with which it may be incidental. There is no requirement that the resolution of the partition action be concluded with the divorce/separation actions. Washington at 1233
Mrs. Kambur argues a single petition may assert several justiciable actions. Article 561 does not speak of petitions or lawsuits but limits itself to actions which may be cumulated in one suit.
Mrs. Kambur contends that the last step that either of the parties took in the separation/divorce actions took place on February 7, 1983 when June Kambur filed a Motion to Amend Restraining Order. Mrs. Kambur cites Camaille v. Shell Oil Company, 542 So.2d 663, 664 (La.App. 5th Cir.), writ denied 546 So.2d 1221 (La.1989) to support her contention that after five years if the parties have failed to take a step in the prosecution or defense of an action, it is deemed abandoned by operation of law. She argues that although George Kambur filed his Motion to Set for Trial on the Merits, after five years had passed but before any formal order of dismissal was signed, she still retained her right to a dismissal for failure to prosecute. She argues that on February 7, 1988, the separation and divorce action was deemed abandoned. An abandonment under article 561 is self-operative and a formal order of the court is not required. Ford v. St. Louis Southwestern Railway Co., 480 So.2d 873, 875 (La.App. 2d Cir.1985).
We disagree. The partial partition judgment was inextricably bound up by law with the underlying separation/divorce actions. A proceeding to partition the community of acquets and gains arises out of and is essential and concommitant to the separation/divorce. Stevens v. Stevens, 476 So.2d 883 (La.App. 2d Cir.), writ denied 478 So.2d 908 (La.1985). The Stevens case cites Gowins v. Gowins, 466 So.2d 32 (La.1985) which found that a court did have personal jurisdiction over a defendant in a proceeding to enforce a community property settlement where the defendant had participated in the original divorce action. The Gowins court relied on the principle that a proceeding to partition the community property arises out of and is an essential concomitant of the original proceeding. Gowins supra at 37.
*1215 Louisiana courts have evidenced a reluctance to dismiss cases as abandoned. The filing of in forma pauperis papers has been held to interrupt abandonment. Acosta, 450 So.2d at 772. A post-trial conference called by a judge is such a step. American Eagle 389 So.2d at 1342.
Article 561 is not designed to dismiss actions on technicalities, but to dismiss actions which in fact have been abandoned. American Eagle, 389 So.2d at 1342. Mr. Kambur argues that to affirm the dismissal granted in this action would have the effect of a dismissal on technical grounds. Further, Mr. Kambur argues, that even if the five year period lapsed without either party taking a step toward prosecution, the law clearly holds that abandonment can be waived through a party’s action. Chevron v. Traigle, 436 So.2d 530, 534 (La.1983).
Mrs. Kambur filed an Application for Injunctive Relief on April 11, 1990 in which she states in paragraph 1: “That plaintiff incorporates herein by reference all of the pleadings, judgments and other orders which have been filed and entered in the record of these proceedings ab initio, as fully as if copied herein extenso”. She in effect pled her cause of action anew on April 11, 1990. Pleading requirements are met by the adoption by reference of pleadings in the same court. Kennedy v. Joseph, 325 So.2d 769, 770 (La.App. 4th Cir.1976). Mr. Kambur argues that it was manifest error for the trial court to dismiss the divorce cause of action in light of the fact that Mrs. Kambur sought and obtained injunctive relief in these proceedings a mere two weeks before she filed the Motion to Dismiss.
Although Mrs. Kambur concedes under some extreme circumstances and factual backgrounds courts have found that a waiver of abandonment may exist, she contends that this case does not merit one. She argues that Mr. Kambur’s reliance on American Eagle, Inc., supra is misplaced. In that case both litigants encountered a problem which was beyond their control; the court reporter was unable to transcribe the testimony of the trial which ultimately caused a delay of over five years. The First Circuit Court of Appeal correctly applied the one well-recognized exception to the general rule of article 561 that forbids dismissal of an action where the failure to prosecute was caused by circumstances beyond the plaintiff’s control, id at 1342. In the instant case, Mrs. Kambur argues George Kambur’s inaction is directly chargeable to him.
First, we observe that subsequent to the February 7, 1983 Motion to Amend Restraining Order, the parties were active in reaching a partial settlement of community. We note that this settlement was reached on December 27,1985. We find no indication of an intent to abandon on behalf of either party. We agree that Mrs. Kam-bur would not apply for injunctive relief unless there was an underlying divorce suit. It is contradictory for her to maintain that the divorce proceeding was dismissed. Had we found that article 561 was applicable, abandonment would most certainly be waived by Mrs. Kambur’s Application for Injunctive Relief on April 11, 1990.
Mrs. Kambur filed the motion to dismiss her own action on grounds of abandonment on April 25, 1990 which was granted on June 13, 1990. On June 17, 1990 she filed a new petition for separation on grounds of mental cruelty in an action entitled “June Elliot Kambur versus George J. Kambur Number 90-11471” of the Civil District Court for the Parish of Orleans, State of Louisiana. This is the very same ground that she had filed on in the case at bar. Mr. Kambur argues that it is obvious that she wanted a technical advantage from the later filing and had no intention of abandoning her action. In her new petition Mrs. Kambur not only wants the property made subject of her injunction, but all of the property Mr. Kambur has aquired in the interim, plus she wants him to lose all reimbursement claims concerning the debts he paid that were in existence in 1977. Mr. Kambur maintains that this is clearly not the type of action which the law seeks to protect.
A plaintiff must clearly demonstrate his abandonment of the case for dismissal pur *1216 suant to La.C.C.P. article 561. Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied 341 So.2d 420 (La.1977). Mr. Kambur argues that Mrs. Kambur clearly demonstrated her intent to pursue this cause and therefore dismissal was error.
George Kambur asks that we look to principle in this case. The parties have been separated since the time suit was filed in 1977. In addition to living separate and apart for the last 14 years, the community has been partially partitioned. We agree with Mr. Kambur this is not the type of case envisioned by article 561. There was no clear intent to abandon the divorce proceeding in the instant case. Both parties seemed to be working towards dissolving the marriage. Furthermore, the only objective a dismissal of this proceeding could serve would be to give June Kambur a later termination date of the community. Based on law and principle, we find that article 561 was misapplied to these facts.
For the foregoing reasons, the trial court’s judgment is reversed and this case is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.