| iPETERS, Judge.
J.E. Fike III appeals the dismissal of his petition for divorce. His wife, Jean M. McHenry Fike, has answered the appeal, seeking attorney fees for frivolous appeal. For the following reasons, we affirm the trial court’s judgment dismissing Mr. Fike’s divorce action and we reject Mrs. Fike’s request for attorney fees.
The litigants were married on April 8, 1969, and separated on July 3,1991. On July 8,1991, Mrs. Fike filed a petition for divorce pursuant to the provisions of La.Civ.Code art. 102. Mr. Fike responded to this petition by filing a reconventional demand against his wife, seeking a divorce also under the authority of La.Civ.Code art. 102. This reconven-tional demand was filed on July 29, 1991. This filing was followed by another filing wherein Mr. Fike answered the allegations of Mrs. Fike’s petition and urged, for the second time, a reconventional demand for divorce pursuant to La.Civ.Code art. 102.
Nothing was done by either litigant to bring the divorce issue to trial until June |211, 1997, when Mr. Fike filed a motion for divorce, asserting that he had been served with Mrs. Fike’s petition on July 15, 1991; that more than 180 days had lapsed since service of process; and that he was entitled to a judgment of divorce. Mrs. Fike responded by filing a motion to have her divorce action declared abandoned under the authority of La.Code Civ.P. art. 3954. This motion was filed on June 27,1997, and granted by the trial court on the same day. In granting the motion, the trial court specifically rejected Mr. Fike’s motion for divorce filed June 11,1997.
Mr. Fike filed a motion for a devolutive appeal of this judgment on August 26, 1997, and the trial court granted the motion on the next day. However, in an opinion released March 13,1998, and not designated for publication, this court dismissed this appeal as not being timely filed.
On the same day Mr. Fike filed his motion for devolutive appeal, he also filed a new motion for divorce based on his July 29, 1991 reconventional demand. Mrs. Fike responded to this filing on September 12, 1997, by filing a motion to dismiss this action as having been abandoned. A hearing on this motion was held on October 9, 1997, wherein the trial court again granted Mrs. Fike the relief she requested by rendering judgment dismissing Mr. Fike’s latest divorce action as having been abandoned.
*718 In his appeal, Mr. Fike’s sole assignment of error is that the trial court erred in dismissing his reconventional demand. In her answer, Mrs. Fike asserts that Mr. Fike’s appeal is frivolous and that she should be awarded attorney fees and the costs of both the trial and this appeal.
La.Civ.Code art. 102 was enacted by the legislature in 1990 to create a new cause of action for divorce. When the parties separated in July 1991, La.Civ.Code hart. 102 read as follows:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition and that the spouses have lived separate and apart continuously since the filing of the petition.
The motion shall be a rule to show cause filed after the one hundred eighty days have elapsed.
While the Article has been amended four times since July 1991, the amendments have no effect on the issue before us.
Because the enactment of La.Civ.Code art. 102 created a new cause of action, the legislature enacted procedural rules concerning its application. See La.Code Civ.P. art. 3951, et seq. One of those procedural rules is La. Code Civ.P. art. 3954, the interpretation of which is the issue before us. That Article reads as follows:[1]
A. A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.
B. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment.
Mr. Fike admits, and the record supports, that more than two years lapsed between service of the reconventional demand on Mrs. Fike and the filing of the motion for divorce. However he argues that abandonment does not apply to his action because there was no intent on the part of himself or his wife to abandon their individual claims for a divorce. In support of his contention, he filed into evidence a copy of a divorce action filed against him by his wife on August 4, 1997, or some thirty-eight days after she had dismissed her 1991 action.
^Additionally, Mr. Fike cites this court to Kambur v. Kambur, 583 So.2d 1213 (La.App. 4 Cir.1991), wherein the fourth circuit found that actions should not be dismissed on technicalities but only if they are truly abandoned. Kambur was decided applying La. Code Civ.P. art. 561 because the cause of action arose before the enactment of La.Code Civ.P. art. 3954. At the time Kambur was decided, that Article provided a five-year period before abandonment became a remedy and applied to all civil cases.
While the concept under La.Code Civ.P. art. 561 is similar to La.Code Civ.P. art. 3954, the application is different. Under La. Code Civ.P. art. 561, the five-year period was interrupted when any party took any step toward the prosecution or defense of the action within that period. In Kambur, pleadings were filed during the five-year period which did not address the separation/divorce issue itself but addressed ancillary issues which were related to the principal issue. Under La.Code Civ.P. art. 3954(A), the party seeking to preserve the claim must file a specific pleading — a rule to show cause. No such rule was filed within the two-year period by either Mr. Fike or Mrs. Fike.
We further note that La.Code Civ.P. art. 3954(B) provides that the abandonment remedy “shall be operative without formal order....” Thus, two years from the date Mrs. Fike was served with the reconventional demand, Mr. Fike’s request for Article 102 relief was automatically deemed abandoned *719 without further action on the part of any party. While the record does not reflect the date of service on Mrs. Fike, it was obviously on or before August 28, 1991, because she filed an answer to the reconventional demand on that date. Mr. Fike cannot complain of Mrs. Fike’s new filing for divorce in August of 1997. This filing reflects an intent to | gpursue a divorce action in 1997, not an intent to pursue her original action. Mr. Fike has slept upon the rights available to him through his 1991 action. “The laws aid those who are vigilant, not those who sleep upon their rights.” Waterbury v. Quebedeaux, 497 So.2d 382, 385 n. 1 (La.App. 3 Cir.1986); writs denied, 499 So.2d 88 (La.1987).
Finally, La.Code Civ.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. However, damages for frivolous appeal will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that the attorney does not seriously believe in the position he advocates. Robinson v. Thornton, 96-1329 (La.App. 3 Cir. 10/29/97); 705 So.2d 745, writ denied, 97-2963 (La.2/6/98); 709 So.2d 739. It does not appear that the appeal was taken solely for the purpose of delay or that Mr. Fike’s attorney does not seriously believe in the position he advocates.
DISPOSITION
We affirm in all respects the trial court’s judgment dismissing Mr. Fike’s motion for divorce. We further reject Mrs. Fike’s claim for damages for frivolous appeal. All costs of this appeal are taxed against Mr. Fike.
AFFIRMED.

. When the parties separated in July 1991, La. Code Civ.P. art. 3954 provided that the divorce action instituted under La.Civ.Code art. 102 was abandoned if the rule to show cause was not filed within one year of the service of the original petition. However, the subsequent change does not alter the result in the instant case.