Judge Terri F. Love
This appeal arises from the trial court's ruling that the parties abandoned their divorce proceeding. The plaintiff contends that the trial court erroneously held that the parties had not taken any action in their divorce proceeding for three years since the preliminary default was granted.
We find that the parties' divorce proceeding was abandoned on its face, as no steps towards the prosecution were taken in over three years. Additionally, no exceptions to abandonment apply. The trial court did not err by finding that the divorce proceeding was abandoned and dismissing the petition. The judgment of the trial court is affirmed.
*766 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Louis Bailey and Nidtreas Clayton Bailey were married on December 31, 2002.[1] On April 25, 2012, Mr. Bailey filed a Petition for Divorce from Ms. Clayton based on La. C.C. art. 103(1). Mr. Bailey alleged that the couple had been living separate and apart since June 31, 2009. Ms. Clayton signed a Waiver and Acceptance of Service on July 10, 2012, which was filed into the record on August 7, 2012. Mr. Bailey filed a Motion for Entry of Default Judgment. On October 9, 2012, the trial court granted an order of default judgment on the divorce.
No further action was taken in the matter until Ms. Clayton filed a Petition for Partition on May 6, 2016.[2] Ms. Clayton sought to partition the home located at 7610 Inlet Lane in New Orleans. During the proceedings on the Petition for Partition, the trial court noted that a final divorce decree was missing from the record. Thereafter, Mr. Bailey filed a Motion to Acknowledge Divorce Judgment. The trial court found that the Petition for Divorce was abandoned pursuant to La. C.C.P. art. 561, denied the motion, and dismissed Mr. Bailey's divorce action. Mr. Bailey's appeal followed.
STANDARD OF REVIEW
"Whether an action has been abandoned is a question of law; thus the standard of review of the appellate court is simply to determine if the trial court's decision was correct." Heirs of Simoneaux v. B-P Amoco , 13-0760, p. 3 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130.
ABANDONMENT
Mr. Bailey contends that the trial court erred by finding that his divorce action was abandoned.
Mr. Bailey filed a Petition for Divorce pursuant to La. C.C. art. 103(1). Ms. Clayton then filed a Waiver and Acceptance of Service approximately two months after the Petition for Divorce was filed. Accordingly, Louisiana statutory law provides that "[w]hen a defendant in an action for divorce under Civil Code Article 103(1), ... acknowledges receipt of a certified copy of the petition and waives formal citation, service of process, all legal delays, notice of trial, and appearance at trial, a preliminary default may be entered against the defendant." La. C.C.P. art. 1701(B). Thereafter, Mr. Bailey filed the Motion for Entry of Default Judgment pursuant to La. C.C.P. art. 1701, which was granted. However, the preliminary default granted by the trial court was never confirmed.
"A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment." La. C.C.P. art. 1702(A). Following the trial court's October 9, 2012 preliminary default judgment, the record is void of activity until the May 6, 2016 Petition for Partition, except for the January 10, 2014 Notice of Change of Address by Mr. Bailey's counsel. As such, we must determine whether the divorce action was abandoned.
The controlling statutory provision on abandonment, La. C.C.P. art. 561, provides:
*767 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
(2) Terminated by Acts 2007, No. 361, § 1, eff. Aug. 26, 2010.
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
(6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
Regarding interpretation, the Louisiana Supreme Court opined:
[a]rticle 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Clark v. State Farm Mut. Auto. Ins. Co. , 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784. " Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order." Id. , 00-3010, p. 6, 785 So.2d at 784.
"The jurisprudence has uniformly held that La. C. Civ. Pro. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." Id. , 00-3010, p. 8, 785 So.2d at 785. The Louisiana appellate courts and the Supreme Court have declined to rigidly enforce the abandonment provisions based on "technical formalities."
*768 Id. , 00-3010, p. 9, 785 So.2d at 786. "In sum, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." Id.
This Court previously found that a divorce action was not abandoned because there was a lack of clear intent. Kambur v. Kambur , 583 So.2d 1213, 1213 (La. App. 4th Cir 1991). We found the following:
The parties have been separated since the time suit was filed in 1977. In addition to living separate and apart for the last 14 years, the community has been partially partitioned. We agree with Mr. Kambur this is not the type of case envisioned by article 561. There was no clear intent to abandon the divorce proceeding in the instant case. Both parties seemed to be working towards dissolving the marriage. Furthermore, the only objective a dismissal of this proceeding could serve would be to give June Kambur a later termination date of the community. Based on law and principle, we find that article 561 was misapplied to these facts.
Id. , 583 So.2d at 1216. Further, the Fifth Circuit found "that a motion to proceed in forma pauperis constitutes a 'step' in the prosecution of the plaintiffs' action, such as would preclude the application of abandonment under LSA-C.C.P. Art. 561." Acosta v. Hepplewhite Home, Inc. , 450 So.2d 770, 772 (La. App. 5th Cir. 1984). Additionally, this Court held that a request to reissue service was a step towards the prosecution if the request appeared in the record. Eweni v. Skate World, Inc. , 12-0338, p. 3 (La. App. 4 Cir. 7/18/12), 100 So.3d 862, 864. Also, this Court found that setting a status conference and a telephone conference call constituted a step in the prosecution. Simoneaux , 13-0760, p. 4, 131 So.3d at 1131. See also Dean v. Delacroix Corp. , 12-0917, p. 8 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, 288 (finding that the date a continuance was granted began the tolling period for La. C.C.P. art. 561 ). "However, ... it is well established that motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561." London Livery, Ltd. v. Brinks , 08-0230, p. 2 (La. App. 4 Cir. 12/10/08), 3 So.3d 13, 15. See also Chevron Oil Co. v. Traigle , 436 So.2d 530, 532-33 (La. 1983) ("Such a motion grants to counsel the right to take 'steps' toward prosecution of his client's case, but does not itself constitute such a 'step.' ").
In the present matter, the record is void of activity after October 9, 2012, except for the Notice of Change of Address. We liken the Notice of Change of Address to the filing of a motion to withdraw, enroll, or substitute counsel, which is not considered a step toward the prosecution. Accordingly, as no formal action occurred in this matter from October 9, 2012, to May 6, 2016, the divorce action was abandoned on its face.
Next, we must determine whether an exception to the abandonment rule applies. Juengain v. Tervalon , 17-0155, p. 7 (La. App. 4 Cir. 7/26/17), 223 So.3d 1174, 1180. The exceptions are as follows:
(1) a plaintiff-oriented exception, based on contra non valentem , that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
Clark , 00-3010, p. 7, 785 So.2d at 784-85. "These two exceptions reflect the distinction the jurisprudence has drawn between the post-abandonment actions of a plaintiff *769 and a defendant." Juengain , 17-0155, p. 8, 223 So.3d at 1181. A plaintiff's actions taken post-abandonment will not serve to counteract abandonment; while a defendant's actions post-abandonment "may result in a waiver." Id.
Mr. Bailey contends that he was under the assumption that his divorce was finalized. However, nothing in the record indicates that Mr. Bailey was unable to seek a confirmation of the preliminary default judgment. Conversely, post-abandonment, Ms. Clayton filed a Petition for Partition on May 6, 2016. As such, we shall examine whether the second exception of waiver applies.
"The defendant's submission for decision of an already abandoned case precludes him from raising the claim of abandonment." Chevron , 436 So.2d at 534. "By allowing a suit to be submitted for decision, the defendant clearly consents to have the matter resolved upon its merits." Id.
Ms. Clayton's Petition for Partition refers to her as Mr. Bailey's "wife," but also categorizes the community of acquets and gains as that that "formerly" existed. The pleading also referenced the date of the filing of the Petition for Divorce, but no divorce date. Subsequently, Ms. Clayton's Opposition to Motion to Continue Deadline to File Descriptive List stated that she and Mr. Bailey "ended their matrimony regime" and that "several years has passed since the termination of marriage." We find that, after reviewing the pleadings related to the Petition for Partition, it is clear that the parties believed they were divorced. However, in Ms. Clayton's August 25, 2017 Motion for Exclusive Use or in Alternative Rent, she notes that "[t]he Judgment of Divorce was never filed." This pleading was filed a day after the trial court stated, at a hearing on discovery and a previous rental reimbursement filing, that the record did not contain a confirmation of the preliminary default judgment of divorce. Ms. Clayton was present, but unrepresented at the hearing on the Motion to Acknowledge Divorce Judgment. Ms. Clayton filed a Motion to Continue and Reset the hearing in order to obtain counsel. However, the trial court proceeding with the Motion to Acknowledge Divorce Judgment.
We do not see Ms. Clayton's filing of the Petition for Partition as a submission for a decision in an abandoned case. The partition is a separate proceeding wherein she was not requesting that the trial court rule upon the divorce action. While we are directed to balance policy and liberal construction with technicalities, we decline to set a precedent that parties can obtain a preliminary default judgment, take absolutely no action for over three years, and come into court with a viable divorce action. Such a precedent would encourage lackadaisical behavior on the part of attorneys and clients alike. This Court also notes that Ms. Clayton's position on the Motion to Acknowledge Divorce Action is not contained in the record. Accordingly, we find that the trial court did not err by finding that the divorce action was abandoned and affirm.
DECREE
For the above-mentioned reasons, we find Mr. Bailey's divorce action was abandoned on its face, as no steps were taken toward the prosecution in over three years. Further, Ms. Clayton did not waive abandonment by filing the Petition of Partition. As such, we find that the trial court did not err by finding that Mr. Bailey's divorce action was abandoned and dismissing his Petition for Divorce. The judgment of the trial court is affirmed.
AFFIRMED
CHASE, J., DISSENTS
CHASE, J., DISSENTS
*770 I agree with the majority's finding that the divorce action was abandoned on its face, as no formal action occurred from October 9, 2012, the date the trial court granted an order of default judgment on the divorce, to May 6, 2016, the date on which Ms. Clayton filed her petition for partition. However, I dissent from the majority's determination that Ms. Clayton's action, in filing the petition for partition, did not constitute a submission for a decision in the divorce action, as they were two separate proceedings.
I find Ms. Clayton's post-abandonment action in seeking partition waived her right to later assert the divorce action was abandoned, as they are part of the same proceeding. "[A] proceeding to partition the community of acquets and gains arises out of and is essential and [concomitant] to the separation/divorce." Kambur v. Kambur , 583 So.2d 1213, 1214 (La.App. 4 Cir. 1991). Resolution of the divorce action is "inextricably bound" with the partition action. Id. Ms. Clayton has taken actions inconsistent with intent to treat the case as abandoned. Therefore, she waived her right to assert the divorce action is abandoned.
From the record before us, neither party intended to abandon the divorce action, as both parties believed they were already divorced. Dismissing the divorce action would serve no other purpose than to achieve "[a] later termination date of the community." Id. at 1216.
For the foregoing reasons, I would reverse the trial court's judgment dismissing Mr. Bailey's petition for divorce.

This is the date contained on the Joint Detailed Descriptive List. The Petition for Divorce states that the couple was married on December 31, 2009, which is inaccurate based on Mr. Bailey's representation that the couple was living separate and apart since June 31, 2009.

The only document contained in the record between the default judgment and the Petition for Partition was a Notice of Change of Address submitted by Mr. Bailey's attorney on January 10, 2014.