619 So.2d 181 (1993)
Judy Ann Smith JOSEPH, Plaintiff-Appellee,
v.
Merle Timothy JOSEPH, Defendant-Appellant.
No. 92-1150.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
Patricia A. Thomas, Abbeville, for plaintiff-appellee Judy Ann Smith Joseph.
J. Burton Willis, St. Martinville, for defendant-appellant Merle Timothy Joseph.
Before DOUCET, KNOLL and COOKS, JJ.
DOUCET, Judge.
This is an appeal from a default judgment.
Plaintiff, Judy Ann Smith Joseph, filed for divorce on June 29, 1989. A preliminary default judgment was entered on September 11, 1989, and a divorce by default was granted on September 28, 1989. Thereafter, plaintiff filed an action to partition the community property on November 27, 1990. It appears that the defendant was served on December 10, 1990, and failed to answer the petition. On September 16, 1991, a preliminary default was entered on the suit to partition the community property, and thereafter confirmed October 16, 1991. Counsel for the defendant, Merle Timothy Joseph, filed a Motion for New Trial on November 6, 1991 and said motion was denied July 21, 1992. Defendant appeals.
Generally, defendant-appellant, Mr. Joseph, argues that the trial court erred in allowing the trial of the action to partition the community property to be taken up as a confirmation where Mr. Joseph received *182 no notice of the trial date. Mr. Joseph specifically contends that because he did not receive notice of the trial he was denied an opportunity to have his day in court and be heard. He asserts that pursuant to C.C.P. art. 1973 he is entitled to a new trial.
Mr. Joseph maintains that although the plaintiff filed suit for partition on November 27, 1990, negotiations were instituted between counsel for the parties. He further argues that within ten days following the death of his counsel on September 6, 1991, and without notice to counsel's office or the defendant, plaintiff's counsel procured a preliminary default and subsequent default judgment. Mr. Joseph contends that the default judgment is faulty and presumptive. Mr. Joseph asserts that the trial judge erred in not following R.S. 9:2801 which mandates the procedures to be followed in the allocation and distribution between spouses in judicial partitions of community property and thus incorrectly allotted valueless and non-existing assets to the defendant.

MOTION FOR A NEW TRIAL
A trial court judgment or ruling denying a motion for a new trial is similar to an interlocutory judgment and therefore is not a final judgment from which an appeal may be taken. Bank of Jena v. Clark, 452 So.2d 428 (La.App. 3 Cir.), writ denied, 458 So.2d 476 (La.1984); Norbert v. Norbert, 419 So.2d 1247 (La.App. 3 Cir. 1982). However, an appeal may be taken from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083. Bunkie Bank & Trust v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1(3) Cir.1977).
The standard of review applicable herein is aptly stated in Pickett v. Marchand, 544 So.2d 683, 686 (La.App. 3 Cir.1989) as follows:
The recent decision of our supreme court in Thibodeaux v. Burton, 538 So.2d 1001 (La.1989), reversing the denial of a new trial following a default judgment, tells us that we must be "especially careful" and "particularly cautious" when reviewing denials of a new trial in cases of default judgments. The court explained that this is necessary due to the general policy consideration, weighing in the defendants' favor, that every litigant should be allowed his day in court. We interpret this case to mean not only a reaffirmation of an appellate court's duty to review new trial applications from default judgments with special care and particular caution, weighing the circumstances in the defendant's favor, but also it imposes the same standard upon the trial judge hearing the application for a new trial, and to that extent it imposes a limitation upon the trial court's discretion.
The issue before us is whether the defendant should have been granted the opportunity to assert his defense against the plaintiff's suit. We find that the facts and circumstances underlying the judgment, weighed in the defendant's favor, do not support a finding that the trial judge abused his discretion in failing to grant a new trial. Nor do the facts support a conclusion that, in the interest of justice, a new trial is warranted.
Mr. Joseph argues that the facts of this case are similar to those in Lamb v. Lamb, 430 So.2d 51 (La.1983). In that case, the Louisiana Supreme Court determined that, although notice of an intention to take a preliminary default is not required by law, a miscarriage of justice would result by depriving the appellant an opportunity to defend the case on the merits because the appellant was victimized by the neglect of her attorney and overzealous action of opposing counsel. Although Mr. Joseph suggests that it was "immoral if not illegal" for opposing counsel to take a preliminary default without notice while the parties were engaging in negotiations, the facts do not support a conclusion that appellant's counsel was misled into a false sense of security and therefore failed to file an answer. The record shows that defendant's counsel, by correspondence dated December 11, 1990, furnished information regarding the community assets and liabilities to plaintiff's counsel. Appellant alleges that plaintiff's counsel responded by letter two *183 months later on February 11, 1991. During this same period, appellant alleges interrogatories were propounded by plaintiff and answers were sent in April of 1991. On September 16, 1991, ten days following the death of defendant's counsel, plaintiff's counsel took a preliminary default in Mr. Joseph's suit. The appellant does not allege attorney negligence on the part of his former counsel. The record contains no evidence to suggest Mr. Joseph did not know his attorney did not answer.
Although this court found a new trial was warranted in a similar case, Pickett v. Marchand, supra, the facts are distinguishable from the case at hand. In Pickett, supra, evidence demonstrated both parties were interested in reaching a settlement. However, after a 37 day lapse in communication, a preliminary default was entered against the defendants. This court found that because no deadline to respond with an offer of settlement was given, it was reasonable to believe the defendants did not expect a default judgment to be taken against them. The court found this to be an acceptable explanation for failure to timely answer. In the case at bar, there is insufficient evidence in the record to indicate that the parties were involved in negotiations. Further, five months had lapsed between the last alleged correspondence and the procurement of the preliminary default. The facts relevant to this case do not rise to a level which would indicate that appellant could not have expected a default judgment to be taken against him. Thus, we conclude that the denial of the motion for new trial was proper.

JUDGMENT BY DEFAULT

A. NOTICE.
Appellant raises the question of whether he was entitled to receive notice of opposing counsel's intent to obtain a default judgment. He specifically alleges the trial court erred in allowing the suit to partition the community property to be taken up as a confirmation of a judgment by default. However, he cites no law to support these claims.
C.C.P. art. 1701 provides that a judgment by default may be entered against a defendant who fails to answer a demand within the time prescribed by law. The judgment of default may be confirmed after two days from the entry of the default judgment. C.C.P. art. 1702. The record reveals that the plaintiff's petition for partition of the community property included a prayer requesting that the trial court order the defendant to file a sworn detailed descriptive list. The record shows the trial court ordered the defendant on November 20, 1990, to file his detailed descriptive list and to either traverse or concur in the detailed descriptive list filed by the plaintiff within 15 days from the date of service. The record does not contain any evidence to indicate that Mr. Joseph answered the suit for partition, therefore, the preliminary default and confirmation thereof were proper.

B. SUFFICIENCY OF THE EVIDENCE.
Mr. Joseph argues that the trial court allotted valueless and non-existent properties to the defendant and thus erred in failing to verify and value these properties as required by R.S. 9:2801. He contends that no record was made. This argument appears to be an attack on the sufficiency of the evidence supporting the judgment.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. In reviewing a default judgment, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir. 1985). In order to obtain reversal of a default judgment, appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Brown, supra.
Byrd v. International Paper Co., 594 So.2d 961, 962 (La.App. 3 Cir.1992).
The judgment reveals that Mrs. Joseph testified at the hearing of the confirmation and that her counsel submitted evidence into the trial court record. However, the *184 record on appeal does not contain a transcript of the testimony nor a narrative of the facts.
Under La.C.C.P. arts. 2128 and 2129, the appellant had the duty to designate the record on appeal. Eagle v. Eagle, 477 So.2d 1293 (La.App. 3d Cir.1985). When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review. Under such circumstances, we must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. Miller v. Miller, 480 So.2d 789 (La.App. 3d Cir. 1985), writ denied, 481 So.2d 1337 (La. 1986).
Preuett v. Preuett, 517 So.2d 848, 849 (La. App. 3 Cir.1987).
Mr. Joseph has failed to overcome the presumption that the default judgment was based upon sufficient evidence and that it was correct.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.