895 So.2d 547 (2004)
Joy Delacroix BIBLE
v.
Martin BIBLE.
No. 2003 CA 2793.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Opinion Granting Rehearing for Clarification March 24, 2005.
Thomas R. Caruso, Slidell, Counsel for Plaintiff/Appellant Joy D. Bible.
Sandra S. Salley, Laurel A. Salley, Carlina C. Castro, Metairie, Counsel for Defendant/Appellee Martin Bible.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
*548 MCCLENDON, J.
The issue raised on appeal in this matter is whether the trial court erred in vacating an earlier judgment that confirmed a preliminary default. For the following reasons, we affirm.
Plaintiff, Joy Delacroix Bible, filed a Petition for Community Property Partition on August 13, 2002, in the 22nd Judicial District Court against her former husband and defendant in this matter, Martin Bible. In her petition, Ms. Bible alleged that the parties were judicially separated on January 22, 1980, that the parties were subsequently divorced and that community property acquired during their marriage was never partitioned. Ms. Bible further alleged that the attached Sworn Detailed Descriptive List listed all the property formerly belonging to the community. Ms. Bible alleged that the parties agreed that Ms. Bible would acquire Mr. Bible's interest in the former family home in consideration of her paying Mr. Bible one half of the appraised value of the home, or $52,500.00. Finally, Ms. Bible prayed for judgment decreeing a partition of the property.
On September 27, 2002, a preliminary default was entered against Mr. Bible. Thereafter, on November 8, 2002, the trial court signed a Judgment Confirming Default wherein the family home was allocated to Ms. Bible. Judgment was also rendered awarding Ms. Bible the amounts of $5,662.50, representing one half of a lump sum payment received by Mr. Bible from his employer, and $7,982.77, representing reimbursements due Ms. Bible for improvements, insurance, taxes and other necessary expenses paid in connection with the family home. Judgment was further rendered against Mr. Bible allocating to Ms. Bible forty-five percent of Mr. Bible's retirement benefits from the date the benefits began.
*549 Thereafter, on March 28, 2003, Mr. Bible filed a Motion for Judgment of Nullity alleging that the judgment was improperly obtained in that the procedure set forth in LSA-R.S. 9:2801 was not followed. Specifically, Mr. Bible asserted that he was given no deadline by the court for filing a sworn detailed descriptive list, that he should have had forty-five days in which to file said sworn detailed descriptive list and then sixty days from the filing of the last sworn detailed descriptive list to file a traversal. Thus, he contended the matter was not in a posture for hearing on September 27, 2002 (the date of the preliminary default). Further, there was no motion for the filing of a sworn detailed descriptive list, as there was simply a petition for the community property partition with no attached order. Mr. Bible additionally argued that there was a notarized and witnessed agreement between the parties entered into on July 6, 1982, which was not considered.
Following a hearing on April 29, 2003, the trial court granted Mr. Bible's motion and judgment was signed on August 20, 2003, vacating the judgment rendered on November 8, 2002, based on Ms. Bible's failure to follow the procedure set forth in LSA-R.S. 9:2801. In its judgment, the trial court determined that Ms. Bible failed to file a rule to show cause and, further, no contradictory hearing was held with regard to the sworn detailed descriptive lists, traversals or the division of assets and liabilities of the community. The trial court also ordered Mr. Bible to file a sworn detailed descriptive list within forty-five days.
Ms. Bible's motion for new trial was denied, and this appeal followed.
In her appeal, Ms. Bible contends that she has complied with the requirements for citation and service of process and, therefore, the default judgment was proper.[1] Additionally, she claims that the motion for nullity is not a substitute for a motion for new trial or for an appeal, neither of which Mr. Bible timely pursued.
Mr. Bible contends, however, that the petition seeking the partition of community property filed by Ms. Bible failed to comply with the specific procedural requirements of LSA-R.S. 9:2801 and, therefore, the preliminary default and the confirmation of the default judgment rendered in this matter are invalid. We agree.
The provisions of LSA-R.S. 9:2801 set forth the procedure through which community property is partitioned.[2] The provisions *550 of the statute apply when the spouses are unable to agree on a partition of community property. The statute provides that within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset and all community liabilities. Within sixty days of the date of service of the last filed detailed descriptive list, each party is required to either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. At the trial of such traverses, the court must determine the community assets and liabilities, and the valuation of assets is to be determined at the trial on the merits. However, the court, in its discretion, may by ordinary procedure try to determine at one hearing, all of the issues, including those raised in the traverses. Ultimately, the court partitions the community property in accordance with rules set forth in the statute.
The provisions of LSA-R.S. 9:2801 are mandatory. McElwee v. McElwee, 93-1010, p. 4 (La.App 1 Cir. 8/17/94), 649 So.2d 975, 977. See also Stewart v. Stewart, 98-496, p. 4 (La.App. 3 Cir. 12/16/98), 728 So.2d 473, 475, writ denied, 99-0158 (La.3/19/99), 740 So.2d 114; Barry v. Barry, 501 So.2d 897, 898 (La.App. 5 Cir.1987).
Furthermore, LSA-C.C.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant against whom a valid judgment by default has not been taken. Ms. Bible clearly failed to follow the mandatory procedures set out by law. Thus, the judgment of preliminary default obtained without compliance with the mandatory procedural requirements of LSA-R.S. 9:2801 is invalid. Likewise, the judgment confirming the default based on an invalid preliminary default is an absolute nullity. See Corte v. Cash Technologies, Inc., 02-0846 at pp. 8-9, 843 So.2d at 1166-67; Livingston Parish Police Jury v. Patterson, 589 So.2d 9, 10 (La.App. 1 Cir.1991).
Ms. Bible asserts that the third circuit case of Palombo v. Palombo, 94-95 (La.App. 3 Cir. 10/5/94), 643 So.2d 445, permits the confirmation of the default judgment in this matter. However, we find Palombo clearly distinguishable as the petition in that matter seeking the judicial partition "appropriately complied" with the procedural requirements of LSA-R.S. 9:2801. See Palombo, 94-95 at p. 4, 643 So.2d at 447-48.
*551 Accordingly, the August 20, 2003 judgment vacating the November 8, 2002 final default judgment is affirmed, and the matter is remanded for further proceedings in accordance with law. Costs of this appeal are assessed against Ms. Bible.

AFFIRMED AND REMANDED.
GAIDRY, J., dissenting.
Louisiana Code of Civil Procedure art. 82 provides, in pertinent part, that "an action to partition community property and to settle the claims between the parties arising from either a matrimonial regime or from co-ownership of former community property shall be brought either as an incident of the action which would result in the termination of the community property regime or as a separate action...." Here, Mrs. Bible chose the latter procedural vehicle, due no doubt to the lengthy period of time which had passed since the parties' divorce in 1981.
In my view, the provisions of La. R.S. 9:2801 in no way supersede or take precedence over the general procedural rules of La. C.C.P. arts. 1001, 1002, 1201, 1701, and 1702 as they apply to a separate action seeking the partition of community property. Mr. Bible was properly served with the petition and citation. He was required to file his answer within fifteen days of such service or "at any time prior to confirmation of a default judgment against him." La. C.C.P. arts. 1001, 1002. As unequivocally stated by two leading commentators, "[i]f a party fails to answer the suit for partition, a preliminary default and confirmation thereof are proper." 16 Katherine S. Spaht and W. Lee Hargrave, Louisiana Civil Law Treatise: Matrimonial Regimes § 7.26 at n. 6 (2nd ed.1997), citing Joseph v. Joseph, 619 So.2d 181 (La.App. 3rd Cir.1993). See also Derouen v. Derouen, 502 So.2d 105 (La.1987) (reversing default judgment in partition action based upon La. C.C.P. art. 1703 only because judgment different in kind from relief demanded in petition, due to amendment of both the petition and attached detailed descriptive list, without service of the amended petition and list); Palombo v. Palombo, 94-95 (La.App. 3rd Cir.10/5/94), 643 So.2d 445. Mr. Bible failed to answer Mrs. Bible's suit for partition; the preliminary default judgment and its confirmation were proper, there being no vice of either form or substance as defined in La. C.C.P. arts. 2002 and 2004. Further, Mr. Bible put forth no evidence whatsoever of fraud or ill practice on the part of Mrs. Bible in procuring the default judgment.
La. R.S. 9:2801 implicitly contemplates the joinder of issue between the parties prior to the motion requiring the filing of detailed descriptive lists. There being no joinder of issue, due to Mr. Bible's failure to file an answer, failure to timely move for a new trial, and failure to timely appeal the default judgment, he may not properly invoke the benefit of the rules of procedure mandated by La. R.S. 9:2801 after issue is joined.
The judgment of the trial court vacating its prior Judgment Confirming Default should be reversed, and the matter remanded for determination of Mrs. Bible's claim for attorney's fees under La. C.C.P. art. 2004(C). I respectfully dissent.
GAIDRY, J., dissents and assigns reasons.
McCLENDON, J., on rehearing.
This rehearing is granted in this matter for the limited purpose of clarifying this Court's previous opinion, which held that appellant's petition for the partition of community property failed to comply with the mandatory procedure set forth in LSA-R.S. 9:2801. Appellant has cited Palombo v. Palombo, 94-95 (La.App. 3 Cir. 10/5/94), 643 So.2d 445, and Joseph v. Joseph, *552 619 So.2d 181 (La.App. 3 Cir.1993), as authority for her position that failure to conform with the requirements of LSA-R.S. 9:2801 is not a basis for a nullity action of an otherwise procedurally valid default judgment. We disagree.
In both the Palombo case and Joseph case, the plaintiff's petition for partition of the community property included a prayer requesting that the trial court order the defendant to file a sworn detailed descriptive list in accordance with LSA-R.S. 9:2801. In conformity with the prayer of the petition, the trial court in each case issued said order, and in each case defendant failed to follow said order or file any type of response. In contrast, the petition in this case does not include such a request, nor is there any language in the petition that would suggest such an order issue. Thus, the petition was defective and, as a result, no order issued as required by the procedural rules set forth in LSA-R.S. 9:2801. Accordingly, we find the trial court properly vacated the default judgment in the present matter, and we adhere to the result reached in our original opinion.
GAIDRY, J., dissents.
NOTES
[1] Louisiana Code of Civil Procedure article 1701, addressing judgment by default, provides that if a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment of default may be confirmed after two days from the entry of the default judgment. LSA-C.C.P. art. 1702; Joseph v. Joseph, 619 So.2d 181, 183 (La.App. 3 Cir.1993). Generally, a defendant must file an answer within fifteen days after service of citation upon him. LSA-C.C.P. art. 1001; Corte v. Cash Technologies, Inc., 02-0846, p. 5 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1165.
[2] Louisiana Revised Statutes 9:2801 provides in pertinent part:

A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
....
(2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. For good cause shown, the court may extend the time period for a party to traverse or concur in the detailed descriptive list of the other party. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.