DREW, J.
 

 |, Raymond Faircloth appeals the granting of a judgment in favor of his former wife, Diane Faircloth, annulling a default judgment that partitioned some of their community property.
 

 We affirm.
 

 FACTS
 

 On January 18, 2007, Raymond filed a petition in Bossier Parish for a La. C.C. art. 103(1) divorce and for partition of community property. The order attached to the petition directed the parties to file a sworn detailed descriptive list within 45 days, and then to concur with or traverse the other party’s detailed descriptive list within 60 days of the date of service of the last filed detailed descriptive list.
 

 Domiciliary service of the petition was made on Diane’s daughter in Bienville Parish on February 7, 2007. A preliminary default was entered on May 18, 2007. The divorce was granted by a default judgment that was confirmed on May 24, 2007. Service of that judgment was made by domiciliary service on Diane’s mother in Bien-ville Parish on June 5, 2007.
 

 Raymond filed his detailed descriptive list on July 12, 2007. On that same date, a preliminary default judgment concerning the partition of community property and settlement of claims was confirmed. This judgment was signed on July 20, 2007. Raymond was awarded- the ownership of the matrimonial domicile and two vehicles, and he was made responsible for the debts
 
 *1101
 
 on the home and the vehicles.
 
 [1]
 
 Raymond was also | ¡.made responsible for the debt on a credit card. The judgment did not affect any interest that either party may have in the other party’s retirement plan.
 

 Domiciliary service of the judgment confirming the default on the partition was made on Diane’s mother in Bienville Parish on July 31, 2007. On July 21, 2008, Diane filed a petition to annul the July 20, 2007, judgment. She contended that the partition did not comply with La. R.S. 9:2801 because Raymond’s detailed descriptive list was not submitted within 45 days of the filing date of the petition for partition, as ordered by the trial court. She further contended that prior to the confirmation of the default she was not served with Raymond’s detailed descriptive list or given the opportunity to concur or traverse it in accordance with La. R.S. 9:2801(A)(2).
 

 Raymond answered the petition to annul. He also filed the exception of no cause of action, in which he noted that when he propounded an interrogatory asking Diane why she had not filed an answer or participated in the partition proceeding, she responded that all documents were in Raymond’s personal safe.
 

 On March 11, 2009, the trial court granted the petition to annul and denied Raymond’s exception. Raymond filed a motion for new trial, which was denied.
 
 [2]
 
 Raymond now appeals.
 

 ^DISCUSSION
 

 At issue is whether the default judgment was valid even though Raymond failed to comply with the provisions of La. R.S. 9:2801.
 

 La. R.S. 9:2801 sets forth the procedure through which community property is partitioned when the spouses cannot agree on partition of the community property. It provides in relevant parts:
 

 A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
 

 (l)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
 

 (b) Each party shall affirm under oath that the detailed descriptive list filed by
 
 *1102
 
 that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required.
 

 (2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. For good cause shown, the court may extend |-4the time period for a party to traverse or concur in the detailed descriptive list of the other party. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
 

 Raymond argues that because Diane failed to file an answer, he was not obligated to comply with La. R.S. 9:2801 before having the community property judicially partitioned through a default judgment. In making his argument, he relies on
 
 Strickland v. Strickland,
 
 44,185 (La.App.2d Cir.4/8/09), 7 So.3d 1282, in which this court held that a suit for partition of community property could be taken up as a confirmation of a default judgment instead of by a rule to show cause. However,
 
 Strickland
 
 can be distinguished on its facts.
 

 Rebecca Strickland filed her detailed descriptive list with her petition for partition of the community property.
 
 [3]
 
 Mark Strickland neither answered the partition nor filed a detailed descriptive list within 45 days of service of the petition. Rebecca Strickland entered a preliminary default judgment approximately 74 days after Mark Strickland had been served, and the default judgment was subsequently confirmed. Upon receiving a copy of the judgment, Mark Strickland hired counsel who immediately filed a motion for new trial, which the trial court denied.
 

 Here, Diane was never given an opportunity to traverse Raymond’s detailed descriptive list. Raymond did not file his detailed descriptive list|Bwith the petition.
 
 [4]
 
 More significantly, Raymond failed to file his list within the 45-day period ordered by the court, and, in fact, filed it on the same day that the default judgment was confirmed. We note that the default judgment was confirmed by a judge other than the one to whom the matter was originally assigned. Notably, the original judge subsequently granted the petition to annul.
 

 La. C.C.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant against whom a valid judgment by default has not been taken. Raymond did not follow the mandatory procedural requirements of La. R.S. 9:2801 by filing his detailed descriptive list timely and allowing Diane the opportunity either to concur or traverse. The preliminary default is therefore invalid. The judgment confirming the default based on an invalid preliminary default is an absolute nullity.
 
 See Bible v. Bible,
 
 2003-2793 (La.App. 1st Cir.9/17/04), 895 So.2d 547,
 
 writ denied,
 
 2005-1081 (La.6/17/05), 904 So.2d 700. The trial
 
 *1103
 
 court properly granted the petition to annul.
 

 DECREE
 

 At Raymond Faircloth’s cost, the judgment granting the petition to annul is AFFIRMED.
 

 [1]
 

 . Raymond apparently later donated one of the vehicles to Diane.
 

 [2]
 

 . On June 29, 2009, Raymond filed his traversal of Diane’s detailed descriptive list, which she apparently filed after the motion for new trial was filed.
 

 [3]
 

 . The order attached to the petition directed the parties to file their detailed descriptive lists within 45 days.
 

 [4]
 

 . The petition asserted that Raymond was unable to file it at the time because he needed to complete discovery to determine the existence, identity, and value of community assets and liabilities.