LOLLEY, J.
|,Brian Chavis Bendily appeals the judgment by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, denying his motion to set aside judgment and motion for a new trial after a default judgment partitioning the community property was entered in favor of Karen Marie Dray Bendily, now Karen Snowdy. For the following reasons the judgment is affirmed in part, reversed in part, and remanded for further proceedings.
Facts
Brian and Karen were married in 2000 and have one daughter, born in 2001. The couple separated in 2008 and divorced the following year. On January 8, 2010, Karen filed a petition to partition the couple’s community property; both Brian and Karen were each ordered to each file detailed descriptive lists within 45 days of the filing of the petition, pursuant to La. R.S. 9:2801. Notice of the filing of the petition to partition was sent to Brian’s attorney who, in turn, forwarded the petition to him. Brian acknowledged he was served with the petition.
Karen testified that after filing, Brian told her to dismiss the petition and threatened that if she did not, he would drag the matter out for years and force her to spend more money on legal fees than she would gain through the proceedings. Karen reported these statements to her counsel. Brian testified that he did not remember making the threat, although he could not deny having made it.
*1202 Karen did not dismiss the petition but, instead, proceeded forward and filed her detailed descriptive list on March 24, 2010. Her list itemized the community’s assets and liabilities and the valuations of each. A copy of | jjthis list was mailed to Brian. Between March and April 2010, Brian’s attorney contacted Karen’s attorney stating that she had been retained for the partition matter and requested a continuance of the hearings. Karen’s attorney informed Brian’s attorney of Brian’s threat to drag out the matter, but agreed to a continuance, on the stipulation that Brian’s attorney would not allow his threat come to fruition. The trial court granted the continuance on April 9, 2010.
In April 2010, Brian’s attorney stated she was waiting on documents from Brian before she could file a descriptive list. On June 1, 2010, Karen’s attorney was contacted by a different attorney who stated he would be representing Brian in the partition matter. Karen’s attorney then learned that Brian’s first attorney did not know of the change in representation. Karen assumed that Brian’s failure to cooperate in providing his attorney with proper documentation and his hiring of a new attorney were ways in which Brian was attempting to drag out the matter as he had threatened.
On June 23, 2010, Karen’s attorney entered a preliminary default against Brian and sent a letter via certified mail explaining such to Brian’s attorney of record, his original attorney on the matter. On July 2, 2010, Brian’s new attorney sent a fax to Karen’s attorney stating he would be representing Brian in the matter and that a motion to withdraw and enroll had been prepared and would be filed. Karen’s attorney did not receive this fax because he was out of town.
|oOn July 7, 2010, no answer or detailed descriptive list had yet been filed on Brian’s behalf; therefore, the default judgment was confirmed by the trial court. This default judgment was rendered approximately 120 days after Brian was served with the petition to partition the community property.
On July 14, 2010, Brian’s new attorney filed a motion to withdraw and enroll as well as a motion to set aside default judgment and, in the alternative, a motion for new trial. The motions were heard and denied by the trial judge on August 27, 2010. Brian subsequently filed this appeal.
Law and Discussion
In his first assignment of error Brian argues the trial court erred in denying his motion for new trial and in finding that Karen established a prima facie case in support of the default judgment. Brian asserts it is not probable that Karen would have prevailed at a trial on the merits because of particular flaws in the evidence she presented; therefore, she should not have been issued a default judgment. He asserts that the default judgment should be set aside and a new trial ordered.
Louisiana R.S. 9:2801 sets forth the procedure through which community property is partitioned when the spouses are unable to agree on a partition of community property. The statute, in pertinent part, states:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident *1203 of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
_Jj(l)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
(b) Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required.
(2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. For good cause shown, the court may extend the time period for a party to traverse or concur in the detailed descriptive list of the other party. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
While a party may file a rule to show cause if the other party fails to timely file his own detailed descriptive list, entry of default judgment is another proper remedy. Strickland v. Strickland, 44,-185 (La.App.2d Cir.04/08/09), 7 So.3d 1282. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A). A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). A prima facie case is established |fiwhen the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. Spencer v. James, 42,168 (La. App.2d Cir.05/09/07), 955 So.2d 1287. The plaintiff must present competent evidence that convinces the court that it is probable he would prevail at trial. Id. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Discover Bank v. Peters, 38,366 (La.App.2d Cir.04/14/04), 870 So.2d 602. On appellate review, there is a presumption that a default judgment is supported by sufficient evidence and is correct, but this presumption does not apply where, as in the present case, the testimony is transcribed in the record. In such a case, the reviewing court is able to deter *1204 mine from the record whether the evidence upon which the judgment was based was sufficient and competent. Id.
In the case sub judice, Karen’s attorney afforded Brian’s attorneys ample professional courtesies and finally, in accordance with La. C.C.P. art. 1702(A), entered a preliminary default judgment. In accordance with this court’s ruling in Strickland, the trial court’s confirmation of default judgment was an appropriate procedural remedy for Brian’s inaction.
Additionally, the trial court did not err in finding that Karen had established a prima facie case. The trial court accepted the evidence submitted by Karen as competent. She supported each of her contentions of the detailed descriptive list with documents and testified before the trial court about them. All this she did without any cooperation from Brian. The | (¡trial court found that she met her burden, and after a careful review of the record, we agree. On appeal, Brian now attempts to poke holes in Karen’s classifications and valuations of the couple’s assets as set forth in her detailed descriptive list. Brian had the opportunity to dispute the detailed descriptive list filed by Karen in a manner provided by La. R.S. 9:2801, but he instead chose not to participate in the proceedings in an attempt to create financial hardship for his former wife and mother of his child. His failure to traverse her valuations and classifications is paramount to a concurrence. We will not allow him now on appeal to make such claims when he had an opportunity to do so before the trial court and refused. In Strickland, this court stated that it would not let the husband, in effect, traverse the descriptive list on appeal, when he failed to take such action in proceedings before the trial court. To allow that, the court stated, would be to reward him for his earlier inaction and unfairly penalize the wife, who fully participated at the trial court level. Strickland, 1 So.3d at 1286. Here, Karen will be afforded the same respect. Brian’s complaints regarding the manner in which the assets were classified, valuated, or divided will not be discussed. Karen established a prima facie case and Brian’s contentions to the contrary are without merit.
In his second assignment of error Brian contends that the trial court erred in awarding Karen reimbursement for funds paid during the marriage toward the mortgage of the marital home that is Brian’s separate property. Specifically, he claims she is entitled only to reimbursement for half the |7amount paid on the principal, but not on the total amount, which includes interest. We agree.
This issue was first addressed by this court in Sims v. Sims, 28,470 (La.App.2d Cir.06/26/96), 677 So.2d 663. There, this court, in line with other circuits, decided that a spouse is not due reimbursement for the interest paid from community funds on the debt incurred to improve the former matrimonial domicile. The Sims court employed the following rationale:
... while the principal payments by the community have served to improve or benefit the separate property of one spouse and thus entitle the other spouse to reimbursement, the interest payments are different. It is said that the interest benefits the community as the business cost of maintaining and using the natural and civil fruits of the separate property. Such interest payments thus simply constitute compensation by the community in that regard. (Citations omitted.)
Id. at 667.
Here, in its judgment, the trial court ordered Brian to pay Karen $16,335.00 as *1205 reimbursement for 90 months of mortgage payments towards Brian’s separate home that served as the marital home for the couple during the community. The record shows home mortgage records from May 1, 2006, through May 7, 2008, a total of 24 months. Thus, it is unclear how the trial court determined Karen was entitled to reimbursement for mortgage payments made for 90 months. During the 24 months for which there is evidence of payments made, principal and interest payments of $863.38 were made monthly. It appears the trial court’s reimbursement figure was deduced by multiplying the total amount paid per month by 90 months. However, because a spouse is entitled to reimbursement for only half the Isprincipal payments made on the debt, the trial court erred in awarding Karen half the principal and interest in reimbursement. Based on the evidence in the record, we are unable to make a precise determination of both the amount of principal paid each month and the number of months the mortgage payments were made during the community; therefore, we remand this issue to the trial court to make the precise determination.
Conclusion
For the foregoing reasons, the judgment in favor of Karen Marie Dray Bendily is affirmed in part, reversed in part, and remanded for further proceedings. All costs of this appeal are to be assessed equally between the appellee, Karen Marie Dray Bendily, and the appellant, Brian Chavis Bendily.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.