ROSEMARY LEDET, Judge.
_JjIn this community partition case, the appellant, Kendall Fluellen, appeals a judgment of the trial court, which adopted the appellee’s, Anne E. Raymond’s, detailed descriptive list and entered a judgment deeming the appellee’s list as a judicial determination of the assets and liabilities between the parties. For the reasons that follow, we reverse and remand with instructions.

FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2008, Ms. Raymond filed a petition to partition the community property against her former husband, Mr. Fluellen. On May 20, 2009, the trial court issued a discovery order in which both parties were ordered to file their descriptive lists on or before June 19, 2009. As ordered, both parties timely filed their descriptive list. Ms. Raymond subsequently filed a traversal against Mr. Fluellen’s list. She also filed two amended sworn detailed descriptive lists.
On August 7, 2009, Ms. Raymond filed a rule to show cause seeking to have her sworn detailed descriptive list deemed a judicial determination of community assets and liabilities. -The trial court issued an order denying Ms. Raymond’s rule |2stating that both parties have filed their detailed descriptive lists in accordance with the May 20, 2009 discovery order and that there was no legal basis for a judicial determination pursuant to La. R.S. 9:2801 A(l)(a).
On March 25, 2010, Ms. Raymond filed an additional sworn detailed descriptive list. Within a few days of Ms. Raymond’s filing, Mr. Fluellen’s attorney of record, Gary Brown, filed a motion to withdraw as counsel. Ms. Raymond filed an opposition to the motion to withdraw as counsel requesting the court to deny Mr. Brown’s motion until the court’s April 26, 2010 scheduling conference. The trial court denied the motion. During the April 26, 2010 scheduling conference a trial order was issued, which was signed by both parties and by Ms. Raymond’s attorney. The order was not signed by Mr. Brown although he was in attendance. The trial order indicated that trial on the merits was scheduled on July 8, 2010. As part of the order, the parties were required to submit a joint detailed descriptive list and pretrial motion by June 17, 2010 and to return to court on June 28, 2010 for a subsequent pre-trial or settlement conference.
On June 11, 2010, counsel for Ms. Raymond sent a letter by certified mail directly to Mr. Fluellen. The letter indicated that they were of the understanding that he was no longer represented by an attorney. The record does not indicate as to when Mr. Brown formally withdrew as Mr. Fluellen’s counsel. Enclosed with the letter was Ms. Raymond’s descriptive list. The letter requested Mr. Fluellen’s portion of the list so that they could file a joint descriptive list by June 17, 2010 in accordance with the court’s order. After receiving no response from Mr. Fluellen, |son June 17, 2010, Ms. Raymond filed her portion of the joint descriptive list and a motion to have her portion of the joint descriptive list adopted by the court and deemed a judicial determination of the assets and liabilities between the parties. The court set Ms. Raymond’s motion for June 28, 2010, which was the date on *654 which both parties had prior notice that they were to appear in court for a pre-trial or settlement conference. The parties do not dispute that Mr. Fluellen was properly served.
On the date of the hearing, June 28, 2010, neither Mr. Fluellen nor a representation on his behalf was present. The trial judge stated that it was explained to Mr. Brown in the presence of Mr. Fluellen that this matter would be set for a status conference on that date, which would be put on the record, whether or not Mr. Fluellen was represented by counsel. Ms. Raymond’s counsel informed the court that Mr. Fluellen received notice of the motion to have Ms. Raymond’s Descriptive List adopted by the court by certified mail and that he was served through the sheriffs office. Mr. Fluellen attributed his absence to incorrectly calendaring the date of the hearing.
Following the hearing, the trial judge granted the motion and rendered judgment, as prayed for by Ms. Raymond, adopting her sworn detailed descriptive list as a judicial determination of the community assets and liabilities. The court’s judgment ordered Mr. Fluellen to pay Ms. Raymond $143,362.75 based on the reimbursement that she was owed and the allocation of assets and liabilities. The ¡Judgment also ordered Mr. Fluellen to vacate the property in which he was living, which was awarded to Ms. Raymond.
It is from this judgment that Mr. Fluel-len appeals.

STANDARD OF REVIEW

A trial court is allowed broad discretion in adjudicating issues raised by divorce and partition of the community regime. Graefenstein v. Graefenstein, 03-1077, p. 6 (La.App. 5 Cir. 1/27/04), 866 So.2d 958, 961. Thus, a trial court’s determinations regarding whether property is community or separate and classifying liabilities and assets are reviewed by a court of appeal under the manifest error standard of review. Jemison v. Timpton, 09-1166, p. 8 (La.App. 4 Cir. 5/6/10), 38 So.3d 1021, 1027. However, the issue under review in this appeal is one of legal error. The appellate review of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct. Sander v. Brousseau, 00-0098, p. 4 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 710.

DISCUSSION

On appeal Mr. Fluellen asserts three assignments of error.
His first assignment of error, which we find dispositive, that the trial court erred when it, contrary to the provisions of La. R.S. 9:2801 A(l)(a), disregarded his Lsworn descriptive list filed June 19, 2009 and adopted Ms. Raymond’s descriptive list as the courts own.[1]
The procedure applied when former spouses are unable to agree on a partition of community property and settlement of claims arising from matrimonial regimes and co-ownership of former community property following termination of the matrimonial regime is outlined in La. R.S. 9:2801, which provides in pertinent part:
(l)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the *655 time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other part may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
(b) Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required.
(2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. For good cause shown, the court may extend the time period for a party to traverse or concur in the detailed descriptive list of the other party. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
| (¡Further, pursuant to La. C. Civ. art. 2369.8, La. R.S. 9:2801 is the exclusive procedure by which community property may be partitioned. Article 2369.8 states: “[a] spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null. If the spouses are unable to agree on the partition, either spouse may demand judicial partition which shall be conducted in accordance with La. R.S. 9:2801.” (emphasis added). Louisiana appellate courts have held that the procedural requirements of La. R.S. 9:2801 are mandatory. See Strickland v. Strickland, 44,185, p. 2 (La.App. 2 Cir. 4/8/09), 7 So.3d 1282, 1284; Bible v. Bible, 03-2793, p. 5 (La.App. 1 Cir. 9/17/04), 895 So.2d 547, 550; Barry v. Barry, 501 So.2d 897, 898 (La.App. 5th Cir.1987).
There is no procedure pursuant to La. R.S. 9:2801 that allows a court to adopt a party’s sworn descriptive list as a judicial determination of the community of assets and liabilities once descriptive lists have been timely filed by both parties and a traversal has been filed. In the instant case, the parties filed their initial detailed descriptive list timely; however, there were disputes as to the ownership of the property, the valuation of the property, or both. The trial court issued a trial order on May 26, 2010, requiring the parties to submit a joint detailed descriptive list by June 17, 2010. Mr. Fluellen failed to timely file his descriptive list. Subsequently, Ms. Raymond filed a rule to show cause to have her sworn detailed descriptive list constitute a judicial determination of the community assets and liabilities. Mr. Fluellen was absent for this hearing, and the trial court entered a | judgment in favor of Ms. Raymond, adopting her sworn detailed descriptive list as a judicial determination of the community assets and liabilities.
A trial court is authorized to deem a party’s sworn detailed descriptive list as a judicial determination of the assets and liabilities of the community only pursuant to La. R.S. 9:2801(A)(l)(a), which sets *656 forth the specific procedure in which the trial court should follow when a party fails to timely file a sworn detailed descriptive list after the service of a motion to partition the community property. In the instant case, both parties filed their initial sworn detailed descriptive list timely, thus the trial court’s application of La. R.S. 9:2801(A)(l)(a) was legally erroneous; For this reason, the trial court’s judgment is reversed and this case is remanded for a hearing' to determine the allocation and valuation of assets and liabilities along with any claims for reimbursement pursuant to La. R.S. 9:2801.
Because we find Mr. Fluellen’s first assignment of error requires a reversal and remand, we pretermit discussion of the two remaining assignments of error.

DECREE

For the foregoing reasons, the judgment of the trial court, which deemed Anne Raymond’s portion of the joint detailed descriptive list a judicial determination of the community assets and liabilities, is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS
ON APPLICATION FOR REHEARING

\/JN REHEARING GRANTED

We grant rehearing for the sole purpose of clarifying our March 7, 2012 opinion in the following respect. We determined the mandatory provisions to partition community property do not allow the trial court to adopt Ms. Raymond’s sworn descriptive list as a judicial determination of the community of assets and liabilities formerly existing between the parties after descriptive lists have been timely filed by both parties and traversed. La. C.C. art. 2369.8; La. R.S. 9:2801. The Court did not intend to suggest that the trial court does not have any recourse to sanction a party for failure to comply with its pretrial orders. The trial court is vested with wide discretion in determining the penalty for violation of pre-trial or discovery orders, including dismissal and default. La. C.C.P. art. 1471(3).
Assuming the trial court intended to preclude Mr. Fluellen from presenting evidence, Ms. Raymond has the burden of establishing the valuation and allocation of assets, and her reimbursement claim by competent testimonial and documentary evidence. La. C.C.P. art. 1702; see Goldfinch v. United Cabs, Inc., 2008-1447 (La. pp. 4 Cir. 5/13/09), 13 So.3d 1173; also see Dray v. Bendily, 46,452 (La.App. 2 9Cir. 6/22/11), 69 So.3d 1200. The transcript, in the instant case, is void of any testimony from Ms. Raymond or any indication that any evidence was offered in support of her detailed descriptive list. Thus, there is insufficient evidence to support a judgment of partition of community property. In all other respects, the opinion is affirmed as written.
CLARIFIED AND AFFIRMED ON REHEARING

. Mr. Fluellen’s two remaining assignments of error allege that the trial court erred by ruling contrary to its own trial order and the trial court erred by holding a hearing on the Partition of Community Property without requiring he receive adequate notice.