JAMES F. MCKAY III, CHIEF JUDGE
*291 In this community property case, the plaintiff/appellant, Tolanda Ricard, appeals the trial court's judgment in favor of the defendant/appellee, Burnell Age, Jr. For the following reasons, we affirm in part, reverse in part and remand.
FACTS AND PROCEDURAL HISTORY
Burnell Age, Jr. and Tolanda Richard were married on December 29, 1990 and entered into a community property regime. The parties acquired both movable and immovable property during their marriage.
On March 17, 2011, Ms. Ricard filed for divorce pursuant to Louisiana Civil Code Article 103. A judgment of divorce was granted on July 29, 2011, and the community property regime was terminated retroactive to March 17, 2011, the date of filing the petition for divorce.
On January 6, 2012, Ms. Ricard filed a petition to partition the community of acquets and gains that previously existed between them. Prior to the trial to partition the community, the real property of the community was sold. On May 2, 2017, the parties consented to partially settle and liquidate the community that formerly existed between them. By consent, Mr. Age received the Navy Mutual Aid Life Insurance account ending in 8858, the Navy Federal checking account ending in 0703, the Navy Federal savings account ending in 2000, the carved elephant and carved rhino, the 2001 Volvo S-40, the Bali vase, the Wosene Portrait of the Artist, and the china and flatware. Ms. Ricard received the Norikane Rubata, Shinoda Epical, teak table and chairs, medicine chest, side table, and the Asian vase. The parties also agreed that the Navy Mutual Aid Life Insurance account ending in 4781 was Ms. Ricard's separate property. Additionally, it was agreed that Mr. Age's Marine Corps retirement would be partitioned by qualified domestic relations order, and that Mr. Age would be reimbursed for payment of the Navy Federal overdraft line of credit, Navy Federal Visa, the IRS tax bill, and the Louisiana tax bill.
On July 21, 2017, Mr. Age filed a rule for contempt against Ms. Ricard for failure to deliver to her attorney's office the Wosene Portrait of the Artist and the china and flatware agreed to in the consent judgment. The petition to partition the community of acquets and gains that previously existed between the parties and the rule for contempt came before the trial court on September 5, 2017.
On October 23, 2017, the trial court rendered its judgment in the instant case. The trial court found that the assets of the community were as follows: 1) JetBlue retirement in the name of Burnell Age ($85,724.03); 2) American Airlines retirement in the name of Burnell Age ($16,696.87); 3) JetBlue stock options in the name of Burnell Age ($42,873.51); 4) Navy Mutual Aid Life Insurance account ending in 9161 ($27,636.09); 5) Chase checking account ending in 4596 ($651.29); 6) escrow refund from 448 Whitney Avenue ($1,317.12); 7) insurance proceeds from 512 Monroe ($448,700.22); 8) insurance proceeds from 448 Whitney Avenue ($13,057.82); 9) proceeds from Florida condo sale with contents ($59,310.58); 10) proceeds from the *292 sale of the Lennox property ($48,893.93); 11) Wells Fargo check ending in 3615 ($23,598.53); 12) Jefferson Parish retirement in the name of Tolanda Ricard Age ($22,278.37); 13) Roth IRA in the name of Tolanda Ricard Age ($14,446.42); 14) Navy Federal Credit Union checking account ending in 4265 ($2,679.32); 15) Navy Federal Credit Union Savings account ending in 5001 ($8,152.22); 16) Norikane Rubata ($110.00); 17) Shinoda Epical ($1,750.00); 18) teak table & chairs ($500.00); 19) medicine chest ($250.00); 20) side table ($100.00); 21) Asian vase ($50.00); 22) Navy Mutual Aid Life Insurance account ending in 8858 ($29,613.00); 23) Navy Federal checking account ending in 0703 ($1,005.35); 24) Navy Federal Savings account ending in 2000 ($85.00); 25) carved elephant ($50.00); 26) carved rhino ($50.00); 27) 2001 Volvo S-40 ($1,200.00); 28) Bali vase ($50.00); 29) Wosene Portrait of the Artist ($17,000.00); 30) china and flatware ($1,050.00); 31) proceeds from the sale of 800 Whitney Avenue (-$4,135.50); 32) proceeds from the sale of 2017 Evergreen Avenue (-$9,088.64); 33) proceeds from the sale of 402 Huntlee Drive (- $9,088.64); 34) proceeds from the sale of 512 Monroe (-$2,628.67); and 35) proceeds from the sale of 448-450 Whitney Avenue (-$34,646.63). These assets had a total value of $409,290.19.
The trial court found that the following assets were the separate property of Ms. Ricard: 1) Sarah Brayer Raindrops ($240.00); 2) Sarah Brayer Sprint ($2,500.00); 3) Shinoda Interval ($2,000.00); and 4) Navy Mutual Aid Life Insurance account ending in 4781 ($26,280.04). The trial court valued Ms. Ricard's separate property at a total value of $31, 020.04.
The trial court also ordered that Ms. Ricard's claim for reimbursement be granted in part and denied in part. The trial court granted reimbursement to Ms. Ricard for the following claims: 1) Navy Federal Mortgage account ending in 7173 ($27,826,28); 2) art appraisal for Wosene ($900.00); 3) art appraisal for Sprint ($200.00); and 4) On Time Movers ($240.00). These amounts totaled $29,166.28, with one-half of reimbursement at $14,583.14. The trial court denied Ms. Ricard's claim for reimbursement for Public Storage in the amount of $2,638.09.
Likewise, the trial court also ordered that Mr. Age's claims for reimbursement be granted in part and denied in part. The trial court granted Mr. Age's following claims for reimbursement: 1) Allied Pilots Association furlough loan ($4,000.00); 2) Navy Federal overdraft line of credit ($10,480.00); 3) Navy Federal Visa ($19,405.20); 4) IRS tax bill ($955.00); 5) Louisiana tax bill ($1,173.10); Navy Mutual Aid Loan accounts ending in 8858 and 9161 ($23,760.05); 7) 4821 Lennox repairs required for closing and mortgage ($5,158.00); and Mutual Art Appraisal ($182.00). These amounts totaled $65,113.35, with one-half reimbursement at $32,556.68. The trial court denied Mr. Age's reimbursement claims for fair market rental value for 4821 Lennox in the amount of $36,000.00 and the household items removed from 4821 Lennox in the amount of $65,000.00.
Based on the reimbursement claims it granted, the trial court awarded Mr. Age a net reimbursement of $17,973.54 ($32,556.68 representing ½ of Mr. Age's reimbursement claims less ½ of Ms. Ricard's reimbursement claims of $14,583.14). The trial court also ordered that Mr. Age's net share of the community was $172,514.88 and Ms. Ricard's share of the community was $183,911.56.
Finally, the trial court ordered that Mr. Age's rule for contempt against Ms. Ricard for failure to deliver the Wosene Portrait of the Artist and china and flatware pursuant *293 to the May 2, 2017 consent judgment was granted. The trial court also cast Ms. Ricard with the cost of the proceedings, totaling $67.00, and the cost to insure and ship the items to Mr. Age in Florida.
Ms. Ricard now appeals the trial court's judgment.
DISCUSSION
On appeal, Ms. Ricard raises the following assignments of error: 1) the trial court committed manifest error when it found the value of the JetBlue stock options to be $42,873.51; 2) the trial court committed manifest error when it did not include the $18,500.00 in the partition judgment it previously recommended; and 3) the trial court committed manifest error when it found a deficiency judgment against Ms. Ricard for the sale of the six remaining properties in the value of $10,694.15.
A trial court's rulings regarding the partitioning of community property are reviewed under the "manifest error" standard, granting great discretion to the trial court. Raymond v. Fluellen, 2011-1290 (La.App. 4 Cir. 3/7/12), 88 So.3d 652, 654. Reasonable findings of fact and credibility assessments made by the trial court may not be set aside by a court of appeal. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
In her first assignment of error, Ms. Ricard contends that the trial court erred when it found the value of the JetBlue stock options to be $42,873.51. Ms. Ricard alleged that the stock options were worth $157,712.99, the gross proceeds after taxes. Mr. Age argued that the stock options were worth $64,713.60, the gross proceeds less the cost. However, the trial court valued the stock options at $42,873.51, lower than either party and with no explanation as to how it arrived at this value.
The crewmember stock purchase plan overview states that the employee would have a payroll deduction. Then, every six months the plan administrator would take the deducted money and purchase shares of JetBlue stock. The payroll deductions were community property. The right to purchase the stock at a certain price (stock options) was also a fruit of Mr. Age's employment and therefore community property. See Hansel v. Holyfield, 2000-0062 (La.App. 4 Cir. 12/27/00), 779 So.2d 939. Accordingly, the trial court erred when it valued the stock options at $42,873.51. The correct value, as alleged by Ms. Ricard, was $157,712.99.
In her second assignment of error, Ms. Ricard contends that the trial court committed manifest error when it did not include the $18,500.00 in the partition judgment it previously recommended. This assignment of error is too speculative. Ms. Ricard also fails to adequately brief this assignment of error for a more thorough analysis. Accordingly, we are unable to find any error with regard to this assignment of error.
In her third and final assignment of error, Ms. Ricard alleges that the trial court committed manifest error when it found a deficiency judgment against Ms. Ricard for the sale of the remaining six real properties in the value of $10,694.15. The six real properties referred to are: 512-514 Monroe, Gretna; 4821 Lennox, New Orleans; 402 Huntlee Drive, New Orleans; 448-450 Whitney Avenue, New Orleans; and 2017 Evergreen Avenue, New Orleans. Regarding the sales of these six pieces of real property, the October 16, 2012 consent judgment[1] states that Ms. *294 Ricard "will owe reimbursement out of any net proceeds from sales of properties, or insurance payment overages, if any, and only up to the actual net proceeds (there will be no deficiency reimbursement owed for real estate)."
The combination of the proceeds from the sale of the six aforementioned properties resulted in a collective loss of $10,694.15. This loss was included in the partition, meaning that Ms. Ricard was held responsible for $5,347.07 in debt, when the record clearly states that there should not be a deficiency judgment against her. If a trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determination should be affirmed. Alford v. Alford, 94-1464 (La.App. 3 Cir. 4/5/95), 653 So.2d 133. In the instant case, the trial court's valuations are contrary to the record. Accordingly, it must be reversed.
CONCLUSION
For the above and foregoing reasons, we affirm in part and reverse in part the trial court's judgment. With regards to Ms. Ricard's second assignment of error, involving the trial court's failure to include $18,500.00 mentioned in an earlier judgment, we find no error and affirm the judgment of the trial court. However, regarding Ms. Ricard's first and third assignments of error, we do find merit as stated above. The trial court was clearly wrong in its valuation of the JetBlue stock options and its valuation of the six referenced pieces of real property. These errors caused the trial court's overall valuation of the community and the recapitulation to also be in error.
Based on our review of the record, we are unable to determine what community property is in the actual possession of each party. Accordingly, this matter is remanded to the trial court for the limited purpose of partitioning the community property consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED

The consent judgment was submitted, rendered, and signed as a stipulation on October 16, 2012. The judgment was read and signed by Judge Regina Bartholomew on January 24, 2013.